■ MANUFACTURERS AND TRADERS TRUST COMPANY, Plaintiff, v MCCABE ELECTRIC, INC., Defendant, JPE HOLDINGS, INC., Respondent, and WILLIAM MCCABE, Appellant.—Appeal from order insofar as it denied reargument unanimously dismissed without costs and otherwise order affirmed. Memorandum: Supreme Court properly awarded judgment to defendant, JPE Holdings, Inc. (JPE), on its cross claim for contribution against defendant, William McCabe, in an amount equal to one half of the judgment that plaintiff obtained against them as co-guarantors. The propriety of the court's order denying McCabe's motion to amend his answer to assert the affirmative defense of novation is not before us because no appeal was taken from that order. Furthermore, the matters raised in McCabe's motion for reargument are not before us because the court denied reargument and an order denying reargument is not appealable *(see, Pennino v Lasersurge, Inc.,* 178 AD2d 939; *Weinfeld v Roth Assocs.,* 177 AD2d 977). Finally, we conclude that the court did not abuse its discretion in denying McCabe's motion for leave to amend his answer to assert an affirmative defense of misconduct and breach of duty by JPE. While leave to amend a pleading should be freely granted, an amendment that is devoid of merit will not be permitted *(Hauptman v New York City Health & Hosps. Corp.,* 162 AD2d 588, 589). Here, the proposed pleading alleges a wrong against the corporation and not against McCabe individually. It is well established that "[f]or a wrong against a corporation a shareholder has no individual cause of action, though he loses the value of his investment or incurs personal liability in an effort to maintain the solvency of the corporation" *(Abrams v Donati,* 66 NY2d 951, 953, *rearg denied* 67 NY2d 758; *see also,*

*Fifty States Mgt. Corp. v Niagara Permanent Sav. & Loan Assn.,* 58 AD2d 177, 179). Moreover, "allegations of mismanagement or diversion of assets by officers or directors to their own enrichment, without more, plead a wrong to the corporation only, for which a shareholder may sue derivatively but not individually" and a pleading "the allegations of which confuse a shareholder's derivative and individual rights will, therefore, be dismissed" *(Abrams v Donati, supra,* at 953). (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—Contribution.) Present—Green, J. P., Lawton, Boehm, Fallon and Davis, JJ.