■ AQUASCIENCES INTERNATIONAL, INC., et al., Plaintiffs, and STANLEY MAGIDSON, Appellant, v LEON LEVY, Respondent. LEON LEVY, Respondent, v AQUASCIENCES INTERNATIONAL, INC., et al., Defendants, and STANLEY MAGIDSON, Appellant. JOEL LEVY, Respondent, v AQUASCIENCES INTERNATIONAL, INC., et al., Defendants, and STANLEY MAGIDSON, Appellant.—Order, Supreme Court, New York County (Eugene Nardelli, J.), entered on or about September 4, 1991, which denied appellant's motion to vacate a default, unanimously affirmed, without costs.

The IAS Court did not abuse its discretion in determining that a meritorious defense was not shown (see, National Learning Corp. v Duramatic Press, 63 AD2d 695), or in determining that the affidavit of merit was insufficient (see, Mufalli v Ford Motor Co., 105 AD2d 642, 643). Here, the only averment of merit was a conclusory denial of the allegations, which is insufficient (see, Klenk v Kent, 103 AD2d 1002). Even though a party appears pro se, failure to set forth facts showing merit is fatal (see, Stewart v Warren, 134 AD2d 585). Concur—Carro, J. P., Milonas, Rosenberger, Ross and Rubin, JJ.

■ PARKCHESTER SOUTH CONDOMINIUM, INC., on Behalf of the UNIT OWNERS OF PARKCHESTER SOUTH CONDOMINIUM, Respondent, v ZELDA G. PICKETT et al., Appellants.—Orders of Supreme Court, Bronx County (Lewis R. Friedman, J.), entered March 6, 1992, granting plaintiff a preliminary injunction and adjudging defendants Zelda G. Pickett and Sharon L. McMillan guilty of contempt and imposing a fine of $250 together with counsel fees and disbursements of $7653, unanimously affirmed, with costs.

The order granting plaintiff a temporary restraining order was jurisdictionally valid and was never stayed, and thus had to be obeyed. The appeal of the contempt order does not bring up for review the temporary restraining order upon which it was predicated (see, Seril v Belnord Tenants Assn., 139 AD2d 401).

Defendants' contention that the by-law restriction permitting only residential use of the condominium units is unenforceable is without merit. The statutory provision relied upon by defendants does not evince an intent to preempt the entire field and preclude any further regulation.

We have considered defendants' other arguments and find them to be without merit. Concur—Carro, J. P., Milonas, Rosenberger, Ross and Rubin, JJ.