■ ALBANY-PLATTSBURGH UNITED CORPORATION, Appellant, v JOHN L. BELL, Respondent. [609 NYS2d 113] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Travers, J.), entered November 10, 1992 in Albany County, which, *inter alia,* denied plaintiff's motion for summary judgment.

Defendant is a minority shareholder in two corporations, Norpco Restaurant, Inc. and Butcher Block of Albany, Inc., that own and operate restaurants in Clinton County and Albany County, respectively. Prior to the events giving rise to this action, defendant owned 20 of the 100 outstanding shares of Norpco and seven of the 90 outstanding shares of Butcher Block; David White owned the remaining shares of each corporation. White incorporated plaintiff in early 1992 for the purpose of merging Norpco and Butcher Block into it, while at the same time buying out defendant's shares of both. White then exchanged all of his shares of Norpco and Butcher Block for shares of plaintiff.

Special shareholder meetings were scheduled to be held on March 18, 1992 for the purpose of voting on this merger. Defendant, who had received notice of these meetings, along with copies of the proposed agreements and Business Corporation Law §§ 623 and 910, thereupon brought suit to permanently enjoin the merger—it was alleged that the Norpco merger proposal was adopted in contravention of a preincorporation agreement—and on March 16, 1992 obtained a temporary restraining order to that effect.* The March 18, 1992 meetings were convened, solely for the purpose of tabling the merger vote, and then adjourned.

When defendant's application for a preliminary injunction was denied, and the restraining order lifted, the meetings were again noticed and reconvened on August 3, 1992. The Norpco shareholders' meeting was held first and the merger of Norpco into plaintiff was approved, with White, the sole shareholder of plaintiff, voting its 80 shares in favor and defendant voting his 20 shares against. Immediately after the vote was cast, defendant's counsel served a notice of election to dissent with regard to the Norpco vote. The Butcher Block meeting was held next and before the vote on the merger (which was again approved over defendant's opposing vote), defendant's counsel served a notice of election to dissent.

Defendant, who had indicated at the August 3, 1992 meeting that he had lost his share certificates, failed to tender either his Norpco shares or his Butcher Block shares within the one month period for doing so (see, Business Corporation Law § 623 [f]), and on September 4, 1992 Norpco and Butcher

---

* In October 1992, defendant also brought an action against White, Norpco and others. The gravamen of this action, which is still pending, is a claim that White misappropriated and converted to his own use Norpco funds and assets.

Block mailed notices of loss of dissenter's rights to defendant *(see, id.)*. By a complaint bearing the same date, plaintiff commenced this action seeking a judgment declaring that defendant lost his right to avail himself of the offer and appraisal procedure set forth in Business Corporation Law § 623 by reason of his failure to comply with the mandates of that section, and moved for summary judgment. Defendant cross-moved for summary judgment and Supreme Court, finding questions of fact, denied both motions. Plaintiff appeals.

The facts pertinent to the declaration being sought are essentially undisputed. According to plaintiff, defendant lost his right to appraisal of his Norpco shares by failing to serve his notice of election to dissent prior to the merger vote, and with this we agree. The statutory requirements for preservation of the right to appraisal and payment are to be strictly construed and cannot be altered by the courts *(see, Matter of Endicott Johnson Corp. v Bade,* 42 AD2d 236, 238, *lv denied* 33 NY2d 518). The Legislature has not enacted any exception to these requirements for closely held corporations and, unlike other subsections, Business Corporation Law § 623 (a) does not contain any provision for judicial excuse of noncompliance upon a showing of "good cause" *(compare,* Business Corporation Law § 623 [f]). Moreover, by specifically recognizing as acceptable procedure the tender of notice at a meeting but *before* the vote, the statute is exceedingly clear in its intention to exclude tender *after* the vote is taken. "Where, as in this instance, the Legislature by precise language has created a right and with equal precision has set forth the procedure by which that right may be availed of, the courts may not limit or enlarge that right or alter that procedure" *(Matter of Marcus [Macy & Co.],* 297 NY 38, 45). Having failed to comply with this explicit statutory requirement, defendant has lost his appraisal rights with regard to his Norpco shares and plaintiff is entitled to a declaration to that effect.

Notice of election to dissent was, however, properly served prior to the Butcher Block vote, leaving to be resolved only the issue of defendant's failure to tender the share certificates themselves. In this area, a court is expressly empowered to excuse noncompliance with the statutory requirements for "good cause shown" (Business Corporation Law § 623 [f]). This authority should be liberally exercised when a reasonable excuse is presented and there has been no prejudice demonstrated *(see, Matter of Sasseen v Danco Indus.,* 20 AD2d 657, 657-658). Here, the fact that defendant did not have possession of the certificates, or did not, despite having exercised due

diligence to find them, know of their location, constitutes sufficient good cause to excuse his failure to tender the shares in a timely manner. No demonstrable prejudice having been shown by plaintiff, we find that defendant has not lost his dissenter's rights with regard to Butcher Block.

Mikoll, J. P., White and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, to the extent that (1) plaintiff's motion is granted with regard to defendant's shares of stock in Norpco Restaurant, Inc. and it is declared that defendant has, by failing to comply with the mandates of Business Corporation Law § 623 (a), lost his appraisal rights with regard to those shares, and (2) defendant's cross motion is granted with regard to his shares of stock in Butcher Block of Albany, Inc. and it is further declared that defendant has not lost his dissenter's rights with respect to those shares, and, as so modified, affirmed.