OPINION OF THE COURT
Memorandum.
The order of the Appellate Division, insofar as appealed from, should be modified, without costs, by denying plaintiff’s motion for summary judgment and remitting to Supreme *950 Court for further proceedings in accordance with this memorandum and, as so modified, affirmed.
The part of the controversy before us concentrates on the status of defendant Bell’s shareholder appraisal rights in Norpco Restaurant, Inc. It arises out of the purported merger of Norpco into plaintiff Albany-Plattsburgh United Corporation (APUC).
Appellant Bell was a minority shareholder in two corporations — -Norpco Restaurant, Inc. and Butcher Block of Albany, Inc. The only other shareholder in those corporations, David White, is the current sole shareholder of APUC. White incorporated APUC in early 1992 to facilitate the merger between Norpco and Butcher Block. Under the merger plans, Bell’s interest in each corporation was to be cashed out. The plans were to be submitted to a shareholders’ vote at meetings on March 18, 1992. Notices were sent to the shareholders. As required by Business Corporation Law § 605 (a), each notice included a copy of Business Corporation Law § 623.
On March 13, 1992, Bell sued to block the merger meeting, interposing lack of compliance with a preincorporation agreement. A temporary restraining order precluded any merger vote at the March meetings, and they were adjourned with no new meeting date being fixed. When the temporary injunction was lifted, the adjourned meetings were renoticed and rescheduled for August 3, 1992. Another copy of Business Corporation Law § 623 was not included in the notice this time. The meetings were held, and the merger was approved upon White’s casting his shares in favor and defendant’s casting his shares against. Immediately after the votes were cast, defendant served a notice of election to dissent as to the Norpco matter.
One month later, plaintiff APUC commenced the instant action seeking, among other things, a declaration that Bell lost his appraisal rights with respect to Norpco by failing to assert his demand prior to the vote at the August 3rd meeting (see, Business Corporation Law § 623 [a]). Supreme Court denied both APUC’s motion for summary judgment and Bell’s cross motion to dismiss the complaint. The Appellate Division modified by granting APUC’s motion and declared that defendant-appellant Bell lost his appraisal rights in Norpco shares because he failed to dissent prior to the vote, as required by Business Corporation Law § 623 (202 AD2d 800). The Appellate Division did not address Bell’s contentions regarding the *951 invalidity of the merger itself (id., at 801). This Court granted defendant Bell leave to appeal.
Notably, a third action involving these disputants and these related matters also emerged with respect to Bell’s claim that White misappropriated corporate assets and that, therefore, the merger was void for that reason as well.
We conclude that the order of the Appellate Division should be modified, but not on the merits of the Business Corporation Law § 623 issue, which we do not reach. The validity of the preincorporation agreement must be resolved prior to addressing the legal efficacy of APUC’s actions leading up to and culminating in the Norpco merger vote. The preincorporation aspect is pleaded in Bell’s answer to APUC’s complaint in the instant case. Until the preincorporation issue is addressed, the interrelated merits of the statutory construction issue under Business Corporation Law §623 involving whether Bell lost his appraisal rights in Norpco cannot be resolved. These issues are logically and prudentially inseparable. On remittal of this case, all aspects should be considered to avoid inconsistent results, especially since the parties appear to have made no effort up to now before courts with discretionary power in this respect to consolidate the controversies.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
Order, insofar as appealed from, modified, etc.