■ ALBANY-PLATTSBURGH UNITED CORPORATION, Respondent, v JOHN L. BELL, Appellant. (Action No. 1.) [763 NYS2d 119] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Ceresia, Jr., J.), entered January 22, 2002 in Albany County, which, inter alia, in action No. 1, partially denied defendant's motion for summary judgment and, in action No. 2, partially granted defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered May 6, 2002, which, upon reargument, inter alia, in action No. 2, adhered to that portion of its prior order partially granting defendants' motion for summary judgment dismissing the complaint.

In 1975, David R. White, John L. Bell, Le Roy J. Clark and

Gerald R. Everleth collaborated to form Norpco Restaurant, Inc. for the purpose of operating a steakhouse in the City of Plattsburgh, Clinton County, under the trade name "Butcher Block." Prior to incorporating Norpco, these four individuals entered into a preincorporation agreement which provided, in pertinent part, that "no financial affairs of the [c]orporation including the payment of salaries and dividends and the hiring of managerial personnel shall be made without the unanimous approval of the organizers." It further stated that it would remain "in effect for a period of ten (10) years from the date hereof and shall be deemed renewed automatically for similar periods unless canceled or terminated by a specific agreement of all the organizers."

The four organizers became the sole shareholders of Norpco, each having a particular talent to lend to the venture. White, in particular, had extensive experience in the restaurant business and was to oversee restaurant operations. Of the 100 issued shares of Norpco stock, White received 40 and Bell, Clark and Everleth each received 20. After Norpco was incorporated, the shareholders amended the certificate of incorporation to provide that "[a]ll of the powers of the Board of Directors and the conduct and management of the corporate affairs are assumed by the shareholders" and that the transaction of any business at shareholder meetings required unanimous shareholder approval. Over the course of the ensuing years, White, as president of Norpco, entered into written agreements with various closely held corporations he owned for the provision of administrative, payroll, advertising, insurance and other services to Norpco. Norpco appeared to be profitable and White purportedly represented that profit distributions were being made in accordance with each shareholder's proportional interest in the corporation. Friction, however, began to develop among the shareholders, particularly between White and Bell.

In 1989, Clark and Everleth each sold their 20 shares of Norpco stock to White. At a special meeting of Norpco shareholders in August 1992, White proposed to merge Norpco into Albany-Plattsburgh United Corporation (hereinafter APUC), a closely held corporation in which he was the president and sole shareholder. By this time, White had already transferred his 80 shares of Norpco stock to APUC. Under the terms of the proposed merger agreement, Bell would be paid $6,870 per share for all of his Norpco stock. White, acting on behalf of APUC, voted in favor of the merger and Bell voted against. Bell then filed a notice of election to dissent pursuant to Business Corporation Law § 623, but was subsequently advised

that he had lost his dissenter's rights because he had purportedly failed to comply with the requisite statutory provisions. In September 1992, APUC commenced action No. 1 seeking a declaration that Bell had lost his rights as a dissenting shareholder. Bell, in turn, commenced action No. 2 in October 1992 against White, APUC and various corporate entities owned by White (hereinafter collectively referred to as defendants) seeking to nullify the merger of Norpco into APUC and asserting various claims against defendants, most particularly White, for misappropriation, conversion and diversion of Norpco's assets.

After Supreme Court (Travers, J.) denied APUC's motion for summary judgment in action No. 1., this Court modified Supreme Court's order and declared that Bell had lost his appraisal rights with respect to his Norpco stock (202 AD2d 800 [1994], *mod* 85 NY2d 948 [1995]). The Court of Appeals, however, disagreed and concluded that APUC's motion for summary judgment should have been denied (85 NY2d 948 [1995]). The Court specifically declined to address the merits of the Business Corporation Law § 623 issue, ruling instead that the validity of the preincorporation agreement had to be first resolved (*id.* at 951).

Following additional discovery, APUC again made a motion for summary judgment seeking a declaration in action No. 1 that Bell had waived his rights as a dissenting Norpco shareholder under Business Corporation Law § 623. Defendants also sought dismissal of Bell's causes of action in action No. 2. Bell, in turn, made a motion for partial summary judgment seeking, among other things, a declaration in action No. 1 that the preincorporation agreement was valid and that the merger of Norpco into APUC was null and void. Supreme Court, inter alia, granted defendants' motion to the extent of dismissing the first 15 causes of action alleged in the amended complaint in action No. 2, finding that Bell lacked standing in his individual capacity to maintain them. However, it also ruled in Bell's favor in action No. 1 declaring that the merger of Norpco into APUC was null and void. Both Bell and defendants filed notices of appeal from Supreme Court's order, although defendants' appeal was later withdrawn.

Bell also moved for reargument or, alternatively, for leave to serve a second amended complaint in action No. 2. Supreme Court granted the motion to reargue and concluded that it had improperly dismissed the first 15 causes of action for lack of standing because that affirmative defense had not been raised in a preanswer motion. It nevertheless determined that dis-

missal was still proper because Bell was not the real party in interest and, therefore, the claims failed to state a cause of action. The court denied Bell leave to serve a second amended complaint. Bell appeals from this order also.

The main issue on appeal concerns the sufficiency of the allegations contained in Bell's amended complaint in action No. 2 and whether Supreme Court properly dismissed his first 15 causes of action based upon its finding that Bell was not the real party in interest because the claims were essentially corporate claims more properly the subject of a shareholders derivative action. "It is axiomatic that a shareholder has no individual cause of action to recover damages for a wrong against a corporation * * *" (*Elenson v Wax*, 215 AD2d 429, 429 [1995] [citation omitted]; *see Abrams v Donati*, 66 NY2d 951, 953 [1985]; *Schaeffer v Lipton*, 243 AD2d 969, 970 [1997]). Notably, "allegations of mismanagement or diversion of assets by officers or directors to their own enrichment, without more, plead a wrong to the corporation only, for which a shareholder may sue derivatively but not individually" (*Abrams v Donati, supra* at 953; *see Manufacturers & Traders Trust Co. v McCabe Elec.*, 187 AD2d 962, 963 [1992]). The pertinent inquiry is whether the thrust of the plaintiff's action is "to vindicate his personal rights as an individual and not as a stockholder on behalf of the corporation" (*Rossi v Kelly*, 96 AD2d 451, 452 [1983]; *see DeMarco v Clove Estates*, 250 AD2d 724, 724 [1998]).

Here, a review of the amended complaint discloses that all of the claims dismissed by Supreme Court were essentially corporate in nature. For example, Bell's first, second, third and seventh causes of action allege that White misappropriated, converted and diverted *Norpco's* assets by entering into various agreements with other individuals and entities in breach of his fiduciary duties. Similarly, the fifth cause of action alleges that White failed to render an accounting for the assets of *Norpco* that he purportedly misappropriated, converted and diverted. Other causes of action seek to impose a constructive trust upon the assets of White and certain of his closely held corporations concerning assets allegedly misappropriated from *Norpco* or allege that White illegally funneled assets out of *Norpco* to one of his other corporations via certain service agreements and thereby engaged in racketeering activity in

violation of the Federal Racketeer Influenced and Corrupt Organizations Act (*see* 18 USC § 1961 *et seq.*).*

Significantly, none of the stricken causes of action arise from an independent duty owed to Bell individually, unrelated to his status as a shareholder (*see Abrams v Donati, supra* at 953). The fact that some of his allegations include references to a violation of the preincorporation agreement or seek equitable relief does not, in our view, convert these claims into individual causes of action. Moreover, the cases relied upon by Bell in which the courts permitted individual claims to be pursued are factually inapposite to the situation at hand (*compare Venizelos v Oceania Mar. Agency*, 268 AD2d 291 [2000] [shareholders in family business could pursue individual claims against managing relative who operated business solely to divest shareholders of their interests]; *Matter of Schulman*, 165 AD2d 499 [1991], *lv denied* 79 NY2d 751 [1991] [minority shareholder asserted individual claim for breach of fiduciary duty where corporate officer also served as executor of her father's estate and trustee of properties in which she held beneficial interests]; *Tornick v Dinex Furniture Indus.*, 148 AD2d 602 [1989] [former shareholder could maintain suit against individual corporate officers where they allegedly redistributed his shares without compensation]). To the extent that Bell relies on our decision in *Lewis v Jones* (107 AD2d 931 [1985]), we note that dissolution of Norpco is a remedy which has been pleaded and is still available to him. Accordingly, we conclude that Supreme Court properly dismissed the first 15 causes of action of Bell's amended complaint in action No. 2.

Likewise, Supreme Court did not abuse its discretion in denying Bell permission to serve a second amended complaint in action No. 2 asserting shareholder derivative claims on behalf of Norpco and a related corporation. "It is well settled that a motion to amend the complaint is addressed to the sound discretion of the court and, in the absence of a clear abuse of such discretion, the determination will not be disturbed on appeal" (*Aiello v Manufacturers Life Ins. Co. of N.Y.*, 298 AD2d 662, 662 [2002], *lv dismissed and denied* 99 NY2d 575 [2003] [citation omitted]). "While leave to amend a complaint * * * ordinarily should be freely granted, '[l]ateness in making a motion to amend, coupled with the absence of a satisfactory excuse for the delay and prejudice to the opposing party, justifies denial of such a motion' " (*Sadler v Town of Hurley*, 304 AD2d

---

* Even Bell's own brief on appeal contains the acknowledgment that his complaint "is replete with allegations of White['s] fraud, misappropriation, and conversion of *Norpco* assets for personal gain" (emphasis added).

930, 931 [2003], quoting *Thibeault v Palma*, 266 AD2d 616, 617 [1999] [citations omitted]; *see Selective Ins. Co. v Northeast Fire Protection Sys.*, 300 AD2d 883, 883 [2002]). Notably, "a court's discretion to grant leave to amend should be exercised with caution where the case has been certified as ready for trial" (*Sadler v Town of Hurley, supra* at 931).

This litigation had been pending for over nine years before Bell sought leave to serve a second amended complaint to assert shareholder derivative causes of action. He did so in connection with his motion for reargument only after Supreme Court dismissed his first 15 causes of action. At that time, a trial date had already been set in a related action. Moreover, Bell had already amended his complaint once. The proposed amendment adds two additional corporate plaintiffs and contains 29 separate causes of action. In view of the protracted delay, an impending trial and the clear prejudice to defendants from the additional discovery burden presented by the proposed amendment, Supreme Court did not abuse its discretion in denying Bell permission to serve a second amended complaint in action No. 2.

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the orders are affirmed, with costs.