■ LISA MARCUS, Respondent, v BARRY MARCUS, Appellant, et al., Defendant. [772 NYS2d 660]—

Order, Supreme Court, New York County (Jacqueline Silbermann, J.), entered on or about July 30, 2003, which denied defendant's motion to vacate his default in opposing plaintiff's motion to hold him in contempt for disobeying a temporary maintenance and child support order, and granted plaintiff's cross motion for an arrest warrant, unanimously affirmed, without costs. Execution of the warrant is stayed for 10 days from service of a copy of this order, with notice of entry, on defendant and his attorney, during which time defendant may purge the contempt.

Defendant's motion to vacate his default was properly denied on the ground that there is no merit to his claim that he lacks the means to pay the temporary support order. That order, which was rendered by a Special Referee to determine temporary support after a full evidentiary hearing completed only a month before the contempt motion was made, and from which defendant did not appeal, purports to sustain the lifestyle that plaintiff enjoyed prior to the commencement of the action. Even if such order were reviewable (*but cf. Coronet Capital Co. v Spodek*, 202 AD2d 20, 29 [1994] [appeal of a contempt order does not bring up for review the injunction on which it is predicated]), we would not, on this record, disturb the Special Referee's finding, largely one of credibility, that defendant is able to support that lifestyle. Nor is there any basis for finding that defendant lost the ability to support that lifestyle during the month that elapsed between the issuance of the support order and the making of the contempt motion. In these respects, no issues of fact were raised warranting a hearing (*see Farkas v Farkas*, 209 AD2d 316, 317-318 [1994]). We have considered and rejected defendant's argument that, in these circumstances, he should not be incarcerated until other means of enforcement have been exhausted (*see id.* at 318). Concur—Tom, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.