■ HELEN FERRY, Appellant, v JAMES E. FERRY et al., Respondents, et al., Defendant. [823 NYS2d 569]—

Carpinello, J. Appeals (1) from an order of the Supreme Court (Demarest, J.), entered July 27, 2005 in Franklin County, which, inter alia, voided a mineral rights deed granted by plaintiff, and (2) from an order of said court, entered October 19, 2005 in Franklin County, which, inter alia, denied plaintiff's motion to vacate an earlier order directing the sale of certain real property.

In December 2004, this Court affirmed an order of Supreme Court which compelled the conveyance of a parcel of real property from plaintiff to defendants Willis Coleman and Judith Coleman (13 AD3d 765 [2004]).[1] Six days later, plaintiff, now 97 years old, executed a mineral rights deed to the same premises in favor of two of her children, Hamilton A. Ferry and Margo Clark. Not surprisingly, the Colemans objected to this conveyance as an inappropriate attempt to circumvent Supreme Court's order and this Court's affirmance of same. In January 2005, at about the same time that the Colemans applied to Supreme Court for an order vacating the mineral rights deed, plaintiff petitioned the court "to reopen its deliberations" which had resulted in the 2003 order compelling the sale.

The gist of plaintiff's application for reconsideration was her claim that, at the time of the earlier proceedings, she was a resident of an adult home where she was overmedicated with psychotropic drugs and thus incapable of properly representing her own interests. This "veil of disability" was lifted, her argument continued, after she left this facility and was weaned off

---

1. By order entered October 19, 2005, Supreme Court determined that certain counterclaims interposed by then defendant Helen Ferry should be continued and treated as a complaint. Accordingly, the court changed the caption of the action as now indicated.

the drugs. Supreme Court found that plaintiff had failed to establish a sufficient basis for reconsideration of its prior decision and voided the mineral rights deed. It also denied a subsequent application to vacate the 2003 order. On this appeal from both orders, we now affirm.

Even if we were to adopt plaintiff's arguments that she was in default[2] and that her applications to "reconsider" and vacate should be governed by CPLR 5015, we find that Supreme Court did not abuse its discretion in declining to vacate the earlier order (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]). Simply stated, plaintiff's medical proof pertaining to her alleged "veil of disability" and the lifting of same was patently insufficient to support the relief requested. In a record of nearly 3,000 pages, the only evidence in admissible form from a physician is a one-page affidavit which states in conclusory form that plaintiff's "veil of disability," a condition therein characterized as the medical equivalent of alcoholism, was lifted in May 2005.[3] Glaringly absent from this affidavit is any opinion relating to plaintiff's ability to make informed decisions about her own financial and legal affairs either at the beginning of or during the course of this period of treatment. Accordingly, we cannot say that Supreme Court's refusal to revisit its prior decision lacked record support (see Matter of Twin Towers Assoc., Ltd. Partnership of Albany v Board of Assessors of City of Albany, 261 AD2d 705, 706 [1999]).

Plaintiff's remaining contentions have been reviewed and rejected as without merit.

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the orders are affirmed, with one bill of costs.

**2.** Supreme Court had appointed a guardian ad litem for plaintiff in 2002.

**3.** Notably, plaintiff continues to argue on appeal that her alleged "veil of disability" continued through May 2005 while at the same time implicitly defending the execution of the mineral rights deed during the very period of her purported disability.