JOHN L. BELL, Individually and as Shareholder of NORPCO RESTAURANT, INC. and BUTCHER BLOCK OF ALBANY, INC., Appellant, v DAVID R. WHITE et al., Respondents. [867 NYS2d 729]—

Carpinello, J. Appeals (1) from an order of the Supreme Court (Tomlinson, J.), entered July 9, 2007 in Albany County, which,

among other things, granted defendants' request to order plaintiff to comply with the terms of a stipulation of settlement, and (2) from an order of said court, entered May 23, 2008 in Albany County, which, among other things, found plaintiff in contempt of an order of said court.

The facts underlying the protracted litigation between plaintiff and defendant David R. White, former friends and business associates, are set forth in previous decisions and need not be repeated (*Albany-Plattsburgh United Corp. v Bell*, 307 AD2d 416 [2003], *lv dismissed and denied* 1 NY3d 620 [2004]; *Albany-Plattsburgh United Corp. v Bell*, 202 AD2d 800 [1994], *mod* 85 NY2d 948 [1995]). The relevant new facts are as follows. This shareholder derivative action proceeded to trial in mid-December 2005. On the fourth day of trial, the parties entered into a stipulation of settlement whereby White was to pay plaintiff $536,500 (allocated to plaintiff's shares in defendant Butcher Block of Albany, Inc. and a noncompete agreement) and to purchase plaintiff's 20 shares of stock in defendant Norpco Restaurant, Inc., the fair market value of which was to be established by a designated appraisal process. This appraisal process called for the parties' respective appraisers to exchange written appraisals by a certain date, to attempt to agree upon a fair market value of the shares by a certain date and, absent such agreement, to agree upon a third appraiser to perform the task by a certain date. Two closings were provided for under the agreement to consumate the separate stock sales.

Approximately six weeks after the stipulation was entered into, plaintiff sought to set it aside. He alleged that he was mentally and emotionally incapable of consenting to the settlement because, shortly before it was entered into, he had suffered a small stroke. Defendants, in turn, sought to enforce the agreement. Pursuant to an order entered June 15, 2006, Supreme Court denied plaintiff's motion to set aside the stipulation and granted defendants' application to enforce it. Plaintiff never appealed from this order.

In the meantime, in March 2006, pursuant to the designated appraisal process, an appraisal of the Norpco stock prepared by defendants' appraiser had been forwarded to plaintiff. Defendants' appraiser determined that the fair market value of these shares was $95,000. A few days after the deadline outlined under the stipulation had passed, plaintiff's appraisal was forwarded to defendants. This appraiser determined that the fair market value of the subject stock was $575,558. These appraisers were ultimately unable to agree on a value or the selection of a third appraiser.

In September 2006, defendants sought to hold plaintiff in contempt for his failure to comply with the June 2006 order enforcing the stipulation. It was alleged that plaintiff failed to perform certain obligations necessary for the first designated stock closing and also failed to tender performance as required for the second closing (i.e., the closing pertaining to the sale of his Norpco shares). Plaintiff, in turn, cross-moved to vacate the stipulation, vacate the June 2006 judgment and for a trial de novo. For the first time, plaintiff argued that the stipulation "on its face" was unenforceable since the provision pertaining to the appraisal process for the Norpco shares was only "an agreement to agree."

In an order entered July 9, 2007, Supreme Court found no proof of a willful failure by plaintiff to comply with the provision of the settlement agreement detailing the appraisal and sale of the Norpco stock, but found that plaintiff's failure to comply with other provisions regarding execution of certain documents appeared to be "deliberate and willful." With respect to plaintiff's attempt to attack the stipulation as an unenforceable agreement to agree, Supreme Court found such argument barred by res judicata and, in any event, without merit. In this order, Supreme Court provided plaintiff with the opportunity to purge his contemptuous conduct by executing certain documents and also set forth an additional period of time by which to comply with the appraisal and sale of the Norpco stock. The court also required the parties' respective appraisers to be discharged unless they could "indicate [an] ability to complete the tasks as directed by the [c]ourt." Plaintiff has appealed from this order.

In October 2007, defendants again sought to hold plaintiff in contempt for his continued failure to comply with the June 2006 order and his failure to purge himself of contempt under the July 2007 order. In particular, it was alleged that plaintiff failed to timely take appropriate steps to cause the appraisal process of his Norpco share to take place. In opposition, plaintiff asserted that he was not obligated to proceed with the appraisal process ordered by Supreme Court in its July 2007 order until this Court determined the propriety of that order. Plaintiff pointed out that, two weeks after he timely filed a notice of appeal from the July 2007 order, he executed all required documents in accordance with such order and filed them with the Albany County Clerk's office which, according to plaintiff, effected a stay of the entire order under CPLR 5519 (a) (5), i.e., those provisions ordering document execution *and* those provisions ordering compliance with the appraisal process. In an or-

der entered May 23, 2008, Supreme Court found plaintiff in contempt for failing to participate in the appraisal process, detailed his future compliance with the stipulation, discharged plaintiff's previously-retained appraiser and ordered plaintiff to pay defendants $100 per day for every day of delay or failure to comply with its current order. Plaintiff also appeals from this order. Plaintiff's appeal from the July 2007 and May 2008 orders have been consolidated. We now affirm both orders in their entirety.

First, to the extent that plaintiff argues that Supreme Court erred in denying his motion to vacate the stipulation on the ground that he was suffering from a small stroke, the propriety of the court's June 2006 order, which was final (*see Burke v Crosson*, 85 NY2d 10, 15 [1995]), is not properly before us since plaintiff never appealed from it. Nor are we persuaded that the July 2007 contempt order brings that prior order up for review (*see Town of Coeymans v Malphrus*, 252 AD2d 874, 875 [1998]; *see also Maggio v Zeitz*, 333 US 56, 69 [1948]; *compare Marcus v Marcus*, 4 AD3d 257, 258 [2004]; *Coronet Capital Co. v Spodek*, 202 AD2d 20, 29 [1994]; *Parkchester S. Condominium v Pickett*, 189 AD2d 688, 688 [1993], *lv dismissed* 82 NY2d 706 [1993]; *Seril v Belnord Tenants Assn.*, 139 AD2d 401, 401 [1988]; *People ex rel. Sassower v Cunningham*, 112 AD2d 119, 119-120 [1985], *appeal dismissed* 66 NY2d 914 [1985]). Even if the June 2006 order were reviewable, we would find that plaintiff's application to set aside the stipulation was properly denied. His submissions failed to demonstrate that, owing to his alleged medical condition at the time, he was " 'wholly and absolutely incompetent to comprehend and understand the nature of the transaction' " (*Feiden v Feiden*, 151 AD2d 889, 890 [1989], quoting *Aldrich v Bailey*, 132 NY 85, 89 [1892]; *see e.g. Ortelere v Teachers' Retirement Bd. of City of N.Y.*, 25 NY2d 196, 204-205 [1969]; *Ferry v Ferry*, 34 AD3d 908, 909 [2006], *lv dismissed* 9 NY3d 954 [2007]; *Matter of Hansen v McCall*, 10 AD3d 832, 834 [2004]; *Bailey v Assam*, 269 AD2d 344 [2000]; *Harrison v Grobe*, 790 F Supp 443, 447-448 [1992], *affd* 984 F2d 594 [1993]).

With respect to Supreme Court's July 2007 order, we agree with the court's initial assessment that the doctrine of res judicata barred plaintiff's attack on the enforceability of the stipulation as an improper agreement to agree (*see Kromberg v Kromberg*, 44 NY2d 718, 718-719 [1978]). The provision outlining the appraisal process was apparent on its face and thus any argument attacking the enforceability of the stipulation on this ground could have been raised in the initial motion to set it aside (*see id.*). In any event, we find the terms of the appraisal

process were sufficiently definite such that the stipulation is enforceable (*see Tonkery v Martina*, 78 NY2d 893, 895 [1991]; *Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 94 [1991]). To the extent that plaintiff, for the first time in his reply brief, argues that Supreme Court's July 2007 finding of contempt based on the failure to execute certain documents was an abuse of discretion, such argument is not properly before us (*see e.g. Giblin v Pine Ridge Log Homes, Inc.*, 42 AD3d 705, 706 [2007]) and is, in any event, unpersuasive.

Turning to the May 2008 finding of contempt, we find no abuse of discretion in holding plaintiff in contempt for his disobedience of the July 2007 order (*see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins*, 84 NY2d 216, 226 [1994]). First, contrary to plaintiff's argument, the mandate outlined under the July 2007 order pertaining to the appraisal process was not stayed by virtue of the automatic stay provision of CPLR 5519 (a) (5) (*see* CPLR 5519 [a] [7]). Having failed to seek a discretionary stay of such mandate (*see* CPLR 5519 [c]), plaintiff was duty-bound to honor it or subject himself to contempt (*see Ulster Home Care v Vacco*, 255 AD2d 73, 78 [1999]). In particular, we find that the July 2007 order indeed expressed a clear and unequivocal mandate with respect to the appraisal process and that defendants sufficiently demonstrated that plaintiff willfully disobeyed it (*see McCain v Dinkins*, 84 NY2d at 226; *Ulster Home Care v Vacco*, 255 AD2d at 77-78). To this end, we note that "a good-faith belief that an order is defective or invalid does not entitle a party to disregard it, and an erroneous belief that an automatic stay exists is not a defense to contempt" (*Matter of National Enters., Inc. v Clermont Farm Corp.*, 46 AD3d 1180, 1183 [2007]; *see Ulster Home Care v Vacco*, 255 AD2d at 78).

We have reviewed plaintiff's remaining contentions and find none has merit.

Mercure, J.P., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the orders are affirmed, with costs.