## Pfanner v Anderson

2024 NY Slip Op 32575(U)

July 25, 2024

Supreme Court, Kings County

Docket Number: Index No. 509781/2024

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
------------------------------------------x
ANDREAS PFANNER, POK MILL, LLC, and
POK1-3 GRAND LLC,

         Plaintiff,     Decision and order

   - against -       Index No. 509781/2024

ERIC GUSTAVE ANDERSON, URBAN GREEN
EQUITIES, LLC, POK MILL HOUSING
DEVELOPMENT FUND CORPORATION, POK 325
MAIN LLC, WALLACE CAMPUS MANAGER LLC,

        Defendants,    July 25, 2024
------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN     Motion Seq. #5

   The defendant Urban Green Equities LLC [hereinafter 'Urban']
has moved, essentially, seeking to strike the causes of action
filed by Pok Mill LLC and Pok1-3 Grand LLC on the grounds the
plaintiff Pfanner and Pfanner's counsel have no authority to pursue
any claims on their behalf. The plaintiffs oppose the motion.
Papers were submitted by the parties after reviewing all the
arguments this court now makes the following determination.

   According to the amended complaint the plaintiff Andreas
Pfanner and the defendant Eric Gustave Anderson entered into a
joint venture to purchase and operate real estate holdings
together. Specifically, the amended complaint asserts an entity
called Pok Mill LLC of which Pfanner is a member owns property
located at 302-3-4-306 Mill Street, Poughkeepsie, New York. The
only claim regarding this property concerns an easement which has
already been dismissed. Further, the amended complaint asserts an
entity called Pok 1-3 Grand LLC of which Pfanner is a member owns

[* 1]

property located at 1-3 Grant Street, Poughkeepsie, New York and he is entitled to profits generated from that entity.

The defendant Urban has now moved seeking to strike all claims brought by these two entities on the grounds Pfanner has no authority to pursue claims on their behalf. Indeed, both entities have submitted resolutions reiterating that Pfanner, a non-managing member of the company, had no authority to pursue claims he believes the entities should pursue. The plaintiff Pfanner has opposed the motion arguing those resolutions were not voted upon by Pfanner and are thus void.

## Conclusions of Law

The operating agreements of both entities contain the same language regarding the management of the entities. They both state that "management of the Company shall be vested in a Managing Member who shall manage the Company in accordance with the Act. The members hereby appoint Urban Green Equities, LLC as the initial Managing Member. Any Managing Member exercising such management powers or responsibilities shall be deemed to be a manager for purposes of applying the provisions of the Act, unless the context otherwise requires, and any such Member shall have and be subject to all of the duties and liabilities of a manager provided in the Act. The Members shall have the power to do any and all acts necessary or convenient to or for the furtherance of the purposes

2

[*2]

of the Company set forth in this Agreement, including all powers of the Managing Member under the Act" (see, Amended and Restated Operating Agreement of Pok Mill LLC and Pok 1-3 Grand LLC, ¶3 [NYSCEF Doc. No. 31]). Thus, management is exclusively delegated to Urban and Pfanner has no authority to initiate any lawsuits on behalf of either entity. Of course, Pfanner, as a member, has the right to commence any derivative action, where harms are alleged against the entities. Allegations of mismanagement or diversion of corporate assets are derivative claims that plead wrongs to the corporation and not to Pfanner individually (Albany Plattsburg United Corp., v. Bell, 307 AD2 416, 763 NYS2d 119 [3rd Dept., 2003]).

In this case, it is clear that Pfanner has no authority to institute lawsuits seeking direct claims on behalf of the two entities. As a non-managing member, he has no right to assert management responsibilities and assert such claims. Likewise, the resolutions, which all concern management duties, did not require Pfanner's participation. Indeed, Pfanner seeks to somehow alter his non-membership status to one of membership status. There is no mechanism whereby Pfanner can accomplish this by commencing lawsuits on behalf of the entities. This does not prevent Pfanner from pursuing his own individual claims or from seeking derivative claims on behalf of the entities. However, as noted, there is no basis upon which Pfanner can commence these actions on behalf of the entities.

Therefore, based on the foregoing, the motion seeking to

3

[*3]

strike the two entities as plaintiff's in this action is granted.

The motion seeking sanctions is denied.

So ordered.

ENTER:


DATED: July 25, 2024
       Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC