■ HAROLD J. WILEY, JR., et al., Respondents, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, and PAULA CULVER, Respondent. [620 NYS2d 592] —Cardona, P. J. Appeal from that part of an order of the Supreme Court (Tait, J.), entered November 23, 1993 in Madison County, which, *inter alia,* granted plaintiffs' cross motion to prohibit defendant New York Central Mutual Fire Insurance Company from participating in the defense of an underlying tort action.

Defendant Paula Culver was injured while exiting a motor vehicle which began to slide down an icy driveway. The vehicle and driveway were owned by plaintiffs. Culver commenced a personal injury action against plaintiffs alleging three causes of action, two involving negligence in the operation of the vehicle and one alleging negligent maintenance of the driveway. Plaintiffs requested that both their automobile and homeowners' insurance carriers defend and indemnify them. Defendant New York Central Mutual Fire Insurance Company, plaintiffs' homeowners' carrier, declined to do so because of the involvement of the automobile. Plaintiffs commenced this action to determine New York Central's obligation under the homeowners' policy. Supreme Court granted plaintiffs' motion for summary judgment declaring that New York Central had an obligation to defend and indemnify plaintiffs with respect to the third cause of action.

New York Central then sought by motion to have their retained counsel substituted into the action on the third cause of action. Plaintiffs cross-moved to have New York Central's counsel prohibited from participating in the defense of the action alleging, *inter alia,* a conflict of interest. Supreme Court, finding that New York Central had breached the insurance contract, concluded that it lost the right to control the action and granted plaintiffs' cross motion. New York Central appeals.[1] We affirm.

New York Central's interest in defending the lawsuit is in conflict with plaintiffs' interest. Plaintiffs are entitled to a unified defense. The homeowners' insurer would be liable only upon the third cause of action and not upon the others.[2] It would be in the insurer's interest to develop the automobile negligence claims in derogation of plaintiffs' interest to either defeat the claims entirely or to involve both insurance policies to cover any liability for Culver's injuries. Plaintiffs are entitled to a defense by an attorney of their own choosing *(see, Public Serv. Mut. Ins. Co. v Goldfarb,* 53 NY2d 392, 401), particularly in light of New York Central's unjustified refusal to defend them in the underlying action from the outset *(see, Curtis v Nutmeg Ins. Co.,* 204 AD2d 833, 835).

1. Plaintiffs did not cross-appeal from that portion of the order denying their motion for costs and counsel fees and accordingly their request for that relief is not properly before us.

2. While New York Central contends that counsel for plaintiffs' automobile insurer, who is plaintiffs' attorney in the underlying lawsuit, has a similar conflict of interest, that issue is not properly before us.

Mercure, White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with one bill of costs.