■ PAUL WALTS, Appellant, v FRED BADLAM et al., Respondents. [625 NYS2d 104] —Cardona, P. J. Appeal from an order of the Supreme Court (Rumsey, J.), entered June 27, 1994 in Cortland County, which partially granted defendants' motion for partial summary judgment and dismissed the first cause of action in the complaint.

In March 1993, plaintiff accepted employment as club professional at defendant Silver Creek Golf Club, Inc. for the 1993 golf season. All conditions of employment were oral. Plaintiff commenced work on April 1, 1993 and was terminated on May 25, 1993. Plaintiff commenced this action seek-

ing damages against Silver Creek for breach of contract and fraud, and individually against defendant Fred Badlam, a shareholder in Silver Creek, for battery and slander. Contending that plaintiff was an at-will employee who could be terminated at any time, defendants moved for partial summary judgment dismissing the breach of contract and fraud claims. Finding that the parties did not establish a fixed term of employment or a limitation on Silver Creek's right to terminate plaintiff's at-will employment, Supreme Court granted defendants' motion to the extent of dismissing the breach of contract claim. Plaintiff appeals.

It is settled law that "where an employment is for an indefinite term it is presumed to be a hiring at will which may be freely terminated by either party at any time for any reason or even for no reason *(see, Martin v New York Life Ins. Co.,* 148 NY 117; *Parker v Borock,* 5 NY2d 156)" *(Murphy v American Home Prods. Corp.,* 58 NY2d 293, 300-301; *see, Nice v Combustion Eng'g,* 193 AD2d 1088, 1089). Here, plaintiff alleges that the offered employment was for a defined period of seven months, April 1, 1993 until October 31, 1993. Defendants acknowledge that plaintiff was hired to perform the job duties of club professional for the 1993 golf season, a period comprising less than one year. Because the Statute of Frauds (General Obligations Law § 5-701 [a] [1]) is inapplicable, the issue distills to a factual one, i.e., whether the parties' oral agreement includes a definite term of employment. The affiants' credibility must be assessed in determining that issue, which is not the court's function on a motion for summary judgment unless untruths are clearly apparent *(see, Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439, 441; *Kurth v Lawlor,* 183 AD2d 1060, 1062). On this record they are not and, therefore, defendants' motion should have been denied in its entirety.

Plaintiff requests that we strike defendants' affirmative defense of the Statute of Frauds. Although plaintiff never moved in Supreme Court for this relief, we exercise our authority on appeal *(see,* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-112) to search the record and grant plaintiff partial summary judgment dismissing this defense because it is clear that it presents no material triable issue of fact *(see, Glick & Dolleck v Tri-Pac Export Corp., supra,* at 441).

Mercure, White, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for partial

summary judgment dismissing the first cause of action; motion denied regarding said cause of action and partial summary judgment awarded in favor of plaintiff dismissing defendants' first affirmative defense; and, as so modified, affirmed.