◼ MARGARET COFFEY, Appellant, v TETRAGENETICS, INC., et al., Respondents. [836 NYS2d 718]—

[1937] [claim of right under written instrument where evidence established that the deed was intended but never issued]).

Carpinello, J. Appeal from an amended order of the Supreme Court (O'Shea, J.), entered October 25, 2006 in Schuyler County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff sued defendants for breach of an alleged employment contract after she was terminated as the president and chief executive officer of defendant Tetragenetics, Inc. Supreme Court, finding her employment to be a hiring at will, granted a defense motion for summary judgment dismissing the complaint. Plaintiff now appeals.

Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. It has been firmly established that, "absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" (*Sabetay v Sterling Drug*, 69 NY2d 329, 333 [1987]; *accord Lobosco v New York Tel. Co./NYNEX*, 96 NY2d 312, 316 [2001]; *Rooney v Tyson*, 91 NY2d 685, 689 [1998]; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 300-301 [1983]; *Martin v New York Life Ins. Co.*, 148 NY 117, 120-121 [1895]). Here, defendants made a prima facie showing that there was no agreement establishing a fixed duration to plaintiff's employment. Plaintiff failed to raise a triable issue of fact in opposition to this showing.

In particular, and contrary to plaintiff's argument, the letter agreement pursuant to which she was hired does not raise a question of fact as to whether she was hired for a definite period, i.e., through the end of 2004 (*cf. Walts v Badlam*, 214 AD2d 875, 876 [1995]). In short, this letter agreement contained no promises or assurances regarding the length of plaintiff's employment. References to the end of 2004 in the letter pertained merely to the timing of her salary review and discretionary performance bonus; such references in no way constituted an agreement to fix her employment until such time (*see e.g. Todd v Grandoe Corp.*, 302 AD2d 789, 790 [2003]; *Feeney v Marine Midland Banks*, 180 AD2d 477, 479 [1992], *lv denied* 80 NY2d 753 [1992]). Nor was there an express written policy limiting defendants' right to discharge plaintiff upon which she relied (*see Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406, 410-411 [1995]; *Fitzgerald v Martin-Marietta*, 256 AD2d 959, 960-961 [1998]; *Pearce v Clinton Community Coll.*, 246 AD2d 775, 776 [1998]; *cf. Weiner v McGraw-Hill, Inc.*, 57

NY2d 458, 465-466 [1982]). To the contrary, defendants' bylaws expressly provide that Tetragenetics' president and chief executive officer serve at the pleasure of its board of directors.

Plaintiff's remaining contentions have been reviewed and found to be equally unpersuasive.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the amended order is affirmed, with costs.