CHRISTOPHER HOBLER, Appellant, v TARIQ HUSSAIN et al., Respondents. [975 NYS2d 212]—

Stein, J.P. Appeal from an order of the Supreme Court (Sherman, J.), entered June 6, 2012 in Schuyler County, which granted defendants' motion for summary judgment dismissing the complaint.

In January 2010, plaintiff, an orthopedic physician assistant, contacted defendant Schuyler Hospital, Inc. regarding a position in the orthopedic department. Ultimately, the hospital offered plaintiff a position and, in September 2010, plaintiff and the hospital executed an employment agreement, effective on October 4, 2010. Pursuant to such agreement, plaintiff's employment was subject to termination "without cause upon sixty (60) days prior written notice." Approximately six months after plaintiff began his employment, the hospital notified him in writing that his employment was being terminated 90 days later.

Plaintiff subsequently commenced this action against the hospital and defendant Tariq Hussain, the physician who supervised plaintiff while he worked at the hospital. The causes of action against the hospital—for promissory estoppel, fraud and negligent misrepresentation—were based upon plaintiff's allegations that he had been induced to leave his former employment by promises and misrepresentations made by hospital employees, including that his position with the hospital would be secure, that its orthopedic department was stable and that the hospital had no plans to affiliate with any other medical facili-

ty.[1] Plaintiff's claims against Hussain for tortious interference with contract and prima facie tort were premised on plaintiff's allegations that Hussain wrongfully prevented him from seeing patients and that these actions were the cause of his termination.

After issue was joined, defendants moved for, among other things, summary judgment dismissing the complaint, arguing that plaintiff was an at-will employee who could be terminated without cause and the employment agreement precluded plaintiff's claims. Supreme Court granted defendants' summary judgment motion and dismissed the complaint upon its findings that the hospital had properly terminated plaintiff's employment by providing the requisite notice as set forth in the employment agreement[2] and plaintiff had no valid separate tort claims. Plaintiff now appeals, and we affirm.

Plaintiff's claims against the hospital all required a showing that, among other things, he reasonably relied on any alleged promises or misrepresentations made to him by the hospital (*see Guido v Orange Regional Med. Ctr.*, 102 AD3d 828, 829-830 [2013]; *Epifani v Johnson*, 65 AD3d 224, 230 [2009]; *Marino v Oakwood Care Ctr.*, 5 AD3d 740, 741 [2004]). In this regard, we note that "[w]here, as here, 'a plaintiff is offered only at-will employment, he or she will generally be unable to establish reasonable reliance on a prospective employer's representations' " (*Guido v Orange Regional Med. Ctr.*, 102 AD3d at 831, quoting *Epifani v Johnson*, 65 AD3d at 230).

We agree with the hospital's contention that plaintiff could not have reasonably relied upon any assurances that his employment would be secure in light of the employment contract's express provision permitting his termination without cause. We also note that the employment agreement contained an integration clause providing that it represented "the entire agreement between the parties with respect to the subject matter hereof, and no amendment, change or modification shall be effective unless in writing and signed by the parties hereto." Inasmuch as any oral assurances made by the hospital as to the security of plaintiff's position could not have altered the at-will nature of the employment contract, the hospital established its prima facie entitlement to judgment as a matter of law dismissing the claims against it, shifting the burden to plaintiff " 'to establish

---

1. Shortly after plaintiff's termination, the hospital announced that it had entered into a long-term affiliation with an outside medical facility that would involve a collaboration between their orthopedic departments.

2. Plaintiff does not dispute the at-will nature of his employment or that the hospital provided the required notice of his termination.

the existence of material issues of fact which require a trial of the action' " (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Even when we view the evidence in a light most favorable to plaintiff, as we must (*see Vega v Restani Constr. Corp.*, 18 NY3d at 503), we conclude that plaintiff failed to raise a question of fact as to whether he reasonably relied on the hospital's alleged promises and/or representations. Thus, we need not address defendants' contentions regarding plaintiff's failure to establish various other elements of his claims against the hospital. Moreover, contrary to plaintiff's contention, "[a]bsent injury independent of termination, plaintiff[ ] cannot recover damages for what is at bottom an alleged breach of contract in the guise of a tort" (*Smalley v Dreyfus Corp.*, 10 NY3d 55, 59 [2008]; *compare Stewart v Jackson & Nash*, 976 F2d 86, 88 [1992]). Accordingly, plaintiff's claims against the hospital were properly dismissed.

As to the claims against Hussain, a claim of tortious interference with contract requires (1) the existence of a valid contract between a plaintiff and a third party, (2) a defendant's knowledge of such contract, (3) the intentional inducement of a breach of that contract, and (4) damages (*see Lockheed Martin Corp. v Aatlas Commerce, Inc.*, 283 AD2d 801, 803 [2001]; *Murray v SYSCO Corp.*, 273 AD2d 760, 761 [2000]). Significantly, as the contract here was terminable at will, plaintiff was also required to "show that [Hussain] employed wrongful means, such as fraud, misrepresentation or threats[,] to effect the termination of employment" (*Murray v SYSCO Corp.*, 273 AD2d at 761; *accord Nelson v Capital Cardiology Assoc., P.C.*, 97 AD3d 1072, 1074 [2012]). No such showing was made here. Plaintiff's allegation that Hussain prevented him from seeing patients falls short of demonstrating the use of wrongful means (*see Nelson v Capital Cardiology Assoc., P.C.*, 97 AD3d at 1073; *Steinberg v Schnapp*, 73 AD3d 171, 176 [2010]). Moreover, plaintiff acknowledged that he was terminated due to the "declining volume[ ] of procedures in the orthopedic program" at the hospital.[3] As a result, even if Hussain's actions constituted wrongful means, plaintiff failed to raise a question of fact as to whether those actions resulted in his termination. Accordingly, plaintiff's tortious interference claim was properly dismissed.

We likewise find no error in Supreme Court's dismissal of plaintiff's prima facie tort claim against Hussain. "That cause of action requires a showing of an intentional infliction of harm,

---

**3.** Notably, plaintiff also admitted that the hospital informed him, in March 2011, that Hussain's contract would also be reduced for the same reason.

without excuse or justification, by an act or series of acts that would otherwise be lawful . . . and that malevolence was the sole motivating factor" (*Lerwick v Kelsey*, 24 AD3d 931, 931-932 [2005], *lv denied* 6 NY3d 711 [2006] [citations omitted]; *see Epifani v Johnson*, 65 AD3d at 232; *Cavanaugh v Doherty*, 243 AD2d 92, 101 [1998]). Considering plaintiff's acknowledgment that Hussain prevented him from examining patients as a result of complaints made by patients who wanted to be treated by Hussain and not plaintiff, plaintiff could not establish that Hussain's actions were motivated solely by "disinterested malevolence" (*Williams v Barber*, 3 AD3d 695, 698 [2004] [internal quotation marks and citations omitted]). Further, as previously noted, plaintiff's assertion that his termination was proximately caused by Hussain's actions was negated by his acknowledgment that he was terminated based upon a financial decision of the hospital.

Finally, we reject plaintiff's claim that summary judgment was premature because there was a need for additional discovery, as plaintiff's general and speculative claims did not rise to the level of the requisite evidentiary showing that discovery would "yield material and relevant evidence" (*Saratoga Assoc. Landscape Architects, Architects, Engrs. & Planners, P.C. v Lauter Dev. Group*, 77 AD3d 1219, 1222 [2010] [internal quotation marks and citation omitted]; *see DMPM Prop. Mgt., LLC v Mastroianni*, 82 AD3d 1332, 1333 [2011]).

To the extent not specifically addressed herein, plaintiff's remaining claims have been considered and found to be without merit.[4]

McCarthy, Spain and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

---

4. As defendants did not cross-appeal from the order denying their application for counsel fees, their request for such relief is not properly before us (*see Wiley v New York Cent. Mut. Fire Ins. Co.*, 210 AD2d 829, 830 n 1 [1994]).