# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1322**

**CA 13-01038**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

MICHAEL J. DIFABIO, PLAINTIFF-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

JAMES M. JORDAN, DEFENDANT-APPELLANT.

---

COUCH, WHITE, LLP, ALBANY (JOEL M. HOWARD, III, OF COUNSEL), FOR DEFENDANT-APPELLANT.

O'HARA, O'CONNELL & CIOTOLI, FAYETTEVILLE (STEPHEN CIOTOLI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, J.), entered March 19, 2013. The order, among other things, denied the motion of defendant for summary judgment dismissing the amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the second cause of action and as modified the order is affirmed without costs.

Memorandum: In this action seeking damages for defamation and tortious interference with contractual relations, defendant appeals from an order denying his motion for summary judgment dismissing the amended complaint. Contrary to defendant's contention, Supreme Court properly denied that part of his motion seeking summary judgment on the first cause of action, for defamation. In this action involving a public figure, defendant's burden in support of the motion with respect to the defamation cause of action "is not . . . to prove as a matter of law that [he] did not publish with actual malice, but [instead is] to point to deficiencies in the record that will prevent plaintiff from proving that fact by clear and convincing evidence" (*Kipper v NYP Holdings Co., Inc*., 12 NY3d 348, 354; *see Humane League of Phila., Inc. v Berman & Co.*, 108 AD3d 417, 418). A defendant seeking summary judgment dismissing a defamation cause of action bears the initial "burden of demonstrating that plaintiff could not show by clear and convincing evidence that he made the challenged statements with actual malice" (*Farber v Jefferys*, 103 AD3d 514, 515, *lv denied* 21 NY3d 858). Here, defendant failed to meet that burden and, in any event, plaintiff raised a triable issue of fact whether defendant acted with actual malice, " 'that is, with knowledge that it was false or with reckless disregard of whether it was false or not' " (*Freeman v Johnston*, 84 NY2d 52, 56, *cert denied* 513 US 1016, quoting *New York*

*Times Co. v Sullivan*, 376 US 254, 280).

We agree with defendant, however, that the court erred in denying his motion with respect to the second cause of action, for tortious interference with contract.  We therefore modify the order accordingly.  Indeed, plaintiff concedes that he cannot establish that defendant's conduct caused a breach of plaintiff's employment contract, as required to make out a prima facie case of tortious interference with an existing contract (*see generally Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424; *NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 620-621), as pleaded in the complaint.  We reject plaintiff's contention that the court properly denied the motion with respect to the second cause of action because he raised a triable issue of fact with respect to an unpleaded "claim of tortious interference with economic relations" (*Carvel Corp. v Noonan*, 3 NY3d 182, 190-191).  In general, "[a] court should not consider the merits of a new theory of recovery, raised for the first time in opposition to a motion for summary judgment, that was not pleaded in the complaint" (*Mezger v Wyndham Homes*, *Inc*., 81 AD3d 795, 796; *see Ostrov v Rozbruch*, 91 AD3d 147, 154).  In any event, even assuming, arguendo, that a court may deny a defendant's summary judgment motion based upon an unpleaded claim or cause of action where there is no surprise to the moving party and the evidence submitted in opposition to the motion raises a triable issue as to such a claim (*see* David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:11), we conclude that plaintiff failed to raise a triable issue of fact with respect to that unpleaded claim.

We have considered the parties' remaining contentions and conclude that they are without merit.

Entered:  January 3, 2014                          Frances E. Cafarell
                                                   Clerk of the Court