*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 23, 2014                517725
_____

ULLMANGLASS et al.,
                    Appellants-
                    Respondents,

         v                              MEMORANDUM AND ORDER

ONEIDA, LTD., et al.,
                    Respondents-
                    Appellants.
_____


Calendar Date:   September 3, 2014

Before:   Peters, P.J., Lahtinen, Garry, Rose and Clark, JJ.

                    _____


        Primmer Piper Eggleston & Cramer, PC, Burlington, Vermont,
(Gary L. Franklin of counsel), for appellants-respondents.

        Bond Schoeneck & King, PLLC, Syracuse (Louis Orbach of
counsel), for respondents-appellants.

                    _____


Peters, P.J.

        Cross appeals from an order of the Supreme Court (Cerio
Jr., J.), entered August 13, 2013 in Madison County, which
granted defendants' motion for summary judgment dismissing the
complaint.

        Plaintiffs commenced this action against defendants
asserting various tort claims based upon defendants' alleged
interference with a consulting contract between plaintiff Norbert
Ullmann and Inn Crystal Vertriebsg MBH.  More specifically,
plaintiffs alleged that defendants made disparaging and false
remarks about them to principals of Inn Crystal, which caused it
to cancel the consulting contract.  Prior to answering,

defendants moved to dismiss the complaint as barred by the statute of limitations and for failure to state a cause of action. Supreme Court partially granted the motion and dismissed plaintiffs' cause of action for injurious falsehood and business disparagement, but left intact plaintiffs' claims for tortious interference with contractual relations and tortious interference with prospective business relations. Upon appeal, this Court affirmed (86 AD3d 827 [2011]). Defendants then moved for summary judgment dismissing the remaining claims. Supreme Court, while concluding that those claims were not time-barred by the applicable statute of limitations (see CPLR 214 [4]), dismissed them based upon a lack of causation between defendants' alleged actions and the cancellation of the consulting contract as well as the ending of plaintiffs' business relationship with Inn Crystal. Plaintiffs appeal,[1] and defendants cross-appeal.[2]

Causation is an essential element of a claim for tortious interference with contractual relations. Such a cause of action requires proof that, "but for" the defendants' conduct, the plaintiff would not have breached its contract with a third party (see DiFabio v Jordan, 113 AD3d 1109, 1110 [2014]; Hobler v Hussain, 111 AD3d 1006, 1008 [2013]; Schmidt & Schmidt, Inc. v Town of Charlton, 103 AD3d 1011, 1015 [2013]).

In opposition to defendants' motion for summary judgment, plaintiffs submitted a letter — not previously disclosed during

_____

[1] At oral argument, plaintiffs withdrew their claim for tortious interference with prospective business relations.

[2] Defendants cross-appeal from that part of Supreme Court's order that declined to dismiss the subject claims on statute of limitations grounds. However, inasmuch as defendants were granted summary judgment dismissing the complaint, they are not aggrieved by the court's order and their cross appeal must, therefore, be dismissed (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-545 [1983]; Ford v Rifenburg, 94 AD3d 1285, 1285 n 1 [2012]). Their statute of limitations argument is, nonetheless, properly before us as an alternative ground for affirmance (see id.).

discovery – that was written by Ullmann to a principal at Inn Crystal following their meeting concerning Inn Crystal's notification that it was cancelling the consulting contract.  In the letter, Ullmann summarized the meeting and, although he disputed the allegations concerning his poor relationship with defendants, he readily acknowledged that Inn Crystal wished to terminate the consulting contract because it could no longer afford to pay Ullmann his commissions given the discounts that it was providing to defendants.  This letter established that, regardless of whether defendants acted in such a manner as to interfere with the consulting contract, the contract with Ullmann was terminated for financial reasons (see DiFabio v Jordan, 113 AD3d at 1110; Hobler v Hussain, 111 AD3d at 1008; Schmidt & Schmidt, Inc. v Town of Charlton, 103 AD3d at 1014-1015).  Thus, it cannot be shown that "but for" defendants' alleged interference, plaintiffs' contractual relationship with Inn Crystal would have continued (see id.; Snyder v Sony Music Entertainment, 252 AD2d 294, 300 [1999]).  We reject plaintiffs' assertion that other correspondence in the record supports a different conclusion or otherwise raises a triable issue as to whether the financial harm incurred by plaintiffs was attributable to defendants' purported conduct.  Absent proof of causation, plaintiffs' claim for tortious interference with contract was properly dismissed.

Finally, we are unpersuaded by plaintiffs' contention that summary judgment should have been denied as premature. Plaintiffs have not demonstrated how further discovery would yield evidence sufficient to defeat the motion, particularly given the admission contained in Ullmann's letter (see Hobler v Hussain, 111 AD3d at 1009; 2 N. St. Corp. v Getty Saugerties Corp., 68 AD3d 1392, 1395-1396 [2009], lv denied 14 NY3d 706 [2010]; Mitchell v Atlas Copco N. Am., Inc., 307 AD2d 635, 636 [2003]).  Moreover, plaintiffs had ample time and opportunity to conduct additional discovery, including depositions, before this motion was brought, and have not proffered an adequate excuse for their failure to do so (see Meath v Mishrick, 68 NY2d 992, 994-995 [1986]; Calabrese Bakeries, Inc. v Rockland Bakery, Inc., 102 AD3d 1033, 1035 [2013]; Steinborn v Himmel, 9 AD3d 531, 535 [2004]; Halliday v Norton Co., 265 AD2d 614, 617 [1999], lv dismissed and denied 94 NY2d 894 [2000]; Younger v Spartan Chem.

Co., 252 AD2d 265, 268 [1999]).

In light of our determination, we need not address the alternative ground for affirmance advanced by defendants.

Lahtinen, Garry, Rose and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ORDERED that the cross appeal is dismissed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court