Egan Jr., J.P.
 

 Appeal from an order of the Supreme Court (Platkin, J.), entered April 20, 2016, which, among other things, granted defendant’s cross motion for summary judgment dismissing the complaint.
 

 Plaintiffs were hired by defendant in 2011 and 2012 as account managers. As part of the hiring process, plaintiffs were each presented with written offer letters setting forth, among other things, their title and the compensation structure for their position. Each offer letter specifically indicated that it should not be considered as an employment contract and that each plaintiff was being hired as an at-will employee. In November 2012, defendant terminated plaintiffs’ employment. Plaintiffs thereafter commenced this action alleging causes of action for breach of contract and fraudulent inducement based upon defendant’s failure to tender certain allegedly guaranteed payments and fraudulently misrepresenting its ability and intent to maintain its operations in Albany County. Upon joinder of issue, plaintiffs moved for partial summary judgment on their breach of contract cause of action. Defendant thereafter cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiffs’ motion and granted defendant’s cross motion, determining that, as at-will employees, plaintiffs were not entitled to be paid any unearned portion of their base salary following termination and that their claim for fraudulent inducement did not form the basis for a cause of action inasmuch as the term of plaintiffs’ employment was not a material term of their at-will employment. Plaintiffs now appeal.
 

 We affirm. Supreme Court properly granted defendant’s cross motion for summary judgment dismissing the complaint. With regard to plaintiffs’ breach of contract cause of action, it is well-settled that “absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party” (Sabetay v Sterling Drug, 69 NY2d 329, 333 [1987]; accord Coffey v Tetragenetics, Inc., 40 AD3d 1247, 1248 [2007]). Here, defendant met its prima facie burden of demonstrating that there was no agreement between the parties establishing a fixed duration to plaintiffs’ employment. The subject offer letters all unambiguously referenced defendant’s “employment at will” policy—as set forth in its employee handbook—which enabled defendant to “terminate [plaintiffs’] employment with or without cause.”
 
 *
 
 In opposition to the cross motion, plaintiffs failed to raise a triable issue of fact. Contrary to plaintiffs’ contention, the mere fact that the subject offer letters set forth an annual salary for a certain durational period did not serve to create a fixed term for the employment (see Coffey v Tetragenetics, Inc., 40 AD3d at 1248; Todd v Grandoe Corp., 302 AD2d 789, 790-791 [2003]; Cartwright v Golub Corp., 51 AD2d 407, 409 [1976]; see also Minovici v Belkin BV, 109 AD3d 520, 522 [2013]). The only guarantee provided for in these offer letters was that plaintiffs’ proposed base salaries would not be reduced or otherwise altered during the time period specified therein. Such language did not concomitantly create a guarantee of employment, nor did it obligate defendant or entitle plaintiffs to any future payments or benefits; rather, as at-will employees, plaintiffs were only entitled to receive compensation for those services actually rendered prior to their termination (compare Webb v Greater N.Y. Auto. Dealers Assn., Inc., 123 AD3d 1111, 1113 [2014]).
 

 Turning to plaintiffs’ fraudulent inducment claim, the crux of their argument is that defendant made certain material misrepresentations regarding its intent and ability to continue operations in Albany County, thereby fraudulently inducing them to forgo other available employment opportunities resulting in various unspecified financial losses. Even assuming, without deciding, that such representations were actually made by defendant, as at-will employees, plaintiffs cannot maintain a viable fraudulent inducement claim on the basis of having reasonably relied upon a promise not to terminate their employment (see Smalley v Dreyfus Corp., 10 NY3d 55, 59 [2008]; Hobler v Hussain, 111 AD3d 1006, 1007 [2013]). Nor have plaintiffs supported their fraudulent inducement claim with any evidence demonstrating that defendant knowingly or intentionally deceived them in this regard. Accordingly, absent evidence of an injury separate and distinct from the termination of their at-will employment, plaintiffs’ fraudulent inducement claim is essentially a restatement of its breach of contract claim and, therefore, must fail as a matter of law (see Smalley v Dreyfus Corp., 10 NY3d at 59; Hobler v Hussain, 111 AD3d at 1008; Dalton v Union Bank of Switzerland, 134 AD2d 174, 176 [1987]; compare Laduzinski v Alvarez & Marsal Taxand LLC, 132 AD3d 164, 168 [2015]). We also find unavailing plaintiffs’ contention that Supreme Court’s grant of summary judgment dismissing their cause of action for fraudulent inducement was premature because discovery had not yet been completed insofar as plaintiffs failed to make a sufficient evidentiary proffer demonstrating that additional discovery would actually “yield material and relevant evidence” related to such a claim (Hobler v Hussain, 111 AD3d at 1009 [internal quotation marks and citations omitted]).
 

 Lynch, Rose, Aarons and Pritzker, JJ., concur.
 

 Ordered that the order is affirmed, with costs.
 

 *
 

 Defendant also submitted signed acknowledgment forms from each plaintiff indicating, among other things, that they had received a copy of defendant’s employee handbook, read it thoroughly and understood defendant to be an “at will employer” such that their employment was “not for a fixed term or definite period and [could] be terminated at the will of either party, with or without cause.”