■ J. Jeffrey Craven, Appellant-Respondent, v John C. Rigas et al., Respondents-Appellants, and Zito I LP, Respondent. [926 NYS2d 693]—

Mercure, J.P. Cross appeals from an order of the Supreme Court (Mulvey, J.), entered March 30, 2010 in Chemung County, which, among other things, partially granted defendants' motions to dismiss the complaint.

In this action, plaintiff alleges that defendants—which include John C. Rigas (hereinafter Rigas) and Constantine Rigas, as well as several corporations and limited partnerships owned and operated by the Rigas family—were involved in defrauding him in connection with his interest in one of those corporations. Specifically, plaintiff owned a 25% equity interest in defendant Americell Inc., which is a limited partner in defendant Americell PA-3 LP (hereinafter PA-3).* Rigas, Howard Irvin and John Salzman also owned 25% interests in Americell. Rigas bought out Salzman's shares in 1997 and, three years later, purchased plaintiff's shares for $1,350,000. As agreed, Rigas paid plaintiff $500,000 in cash at the time of the sale, and executed a promissory note for $850,000 that was secured with the Americell shares. Although Rigas agreed to place a restrictive legend on the stock certificates declaring plaintiff's interest, he failed to do so. Instead, Rigas later pledged the shares, along with other assets, as security on indebtedness assumed by defendant Zito I LP and Constantine Rigas.

Ultimately, following an amendment to the promissory note that conditionally extended the maturity date, Rigas defaulted. Plaintiff then moved for summary judgment in lieu of complaint to recover on the note (*see* CPLR 3213). The motion was granted (*Craven v Rigas*, 71 AD3d 1220 [2010], *lv denied* 14 NY3d 713 [2010]). Plaintiff thereafter commenced this action claiming, in his first three causes of action, that (1) Rigas acquired Salzman's shares by purchasing them with Americell funds, thereby making them treasury shares and increasing plaintiff's equity interest in the corporation to $33^{1}/_{3}\%$, or $1,782,000, (2) during the time that plaintiff owned his shares in Americell, revenues from the Pennsylvania cellular network were diverted to defendant GAIA Corporation rather than to the partners in PA-3, and (3) after plaintiff sold his shares, Rigas and the other defendants conspired to subordinate plaintiff's security interest and diminish Rigas's ability to repay the promissory note. In his fourth cause of action, plaintiff sought an injunction compelling delivery of stock certificates in an amount equivalent to his for-

---

* PA-3 owns and operates cellular telephone networks in Pennsylvania.

mer interest in Americell, and in his fifth cause of action he demanded an accounting from all defendants.

Following joinder of issue, defendants moved to dismiss the complaint on numerous grounds. Supreme Court partially granted the motions by dismissing the third, fourth and fifth causes of action. All parties except Zito now cross-appeal.

Addressing each cause of action in turn, we begin with plaintiff's first cause of action alleging that, in 1997, while plaintiff was still a shareholder in Americell, Rigas purchased Salzman's 25% interest in the company with monies that he purported to be his own but which were, in fact, Americell's funds. Plaintiff alleges that Salzman's shares therefore became treasury shares, thereby increasing plaintiff's ownership interest to 33 1/3 %. Plaintiff maintains that, by paying him for only a 25% interest, Rigas defrauded him and denied him the true value of his shares.

Initially, we reject the argument, raised by certain defendants, that this claim should be dismissed as untimely. As relevant here, the laws of both New York (the forum) and Virginia (plaintiff's residence) (see CPLR 202; Global Fin. Corp. v Triarc Corp., 93 NY2d 525, 528 [1999]) provide that an action for fraud is timely if commenced within two years after the fraud is discovered or could have been discovered through the exercise of due diligence (see CPLR 213 [8]; Va Code Ann § 8.01-243 [A]; § 8.01-249 [1]). Plaintiff avers that he first became aware of the fraudulent conduct shortly after March 16, 2007, when he received deposition testimony given by Rigas in a separate action brought by Irvin. He commenced this action less than two years later. Inasmuch as it has not been established, on the record before us, that plaintiff had knowledge of, or access to, facts from which the alleged fraud could have been inferred prior to March 16, 2007, Supreme Court properly declined to dismiss this claim on statute of limitations grounds (see Sargiss v Magarelli, 12 NY3d 527, 532 [2009]).

We further agree with Supreme Court that plaintiff's first cause of action states a claim for fraud. Plaintiff claims that Rigas concealed his use of Americell funds to purchase Salzman's shares, thereby causing plaintiff to accept an undervalued price when he later sold his shares to Rigas. In our view, these assertions, if accepted as true, sufficiently allege "misrepresentation or concealment of a material fact, falsity, scienter by the wrongdoer, justifiable reliance on the deception, and resulting injury" (Lusins v Cohen, 49 AD3d 1015, 1017 [2008] [internal quotation marks and citation omitted]; see CPLR 3016 [b]; Barclay Arms v Barclay Arms Assoc., 74 NY2d 644, 646-647 [1989]).

Moreover, Supreme Court correctly determined that plaintiff has standing to assert this first claim. Although defendants contend that the claim alleges a wrong against the corporation—which can only be vindicated in a shareholder derivative suit (*see Abrams v Donati*, 66 NY2d 951, 953 [1985])—the pertinent inquiry, under the law of both New York (the forum) and Pennsylvania (where Americell is incorporated), "is whether the thrust of the plaintiff's action is to vindicate his personal rights as an individual and not as a stockholder on behalf of the corporation" (*Albany-Plattsburgh United Corp. v Bell*, 307 AD2d 416, 419 [2003], *lv dismissed and denied* 1 NY3d 620 [2004] [internal quotation marks and citations omitted]; *see Hendrickson v Vandling*, 41 Pa D & C 3d 568, 571 [1983]). Here, plaintiff alleges that Rigas paid him $432,000 less than the actual value of his interest in Americell after concealing the use of corporate funds to purchase Salzman's shares. That is, the transaction at issue was between Rigas and plaintiff; the fraud alleged did not harm the corporation, but affected plaintiff directly in the sale of his interest in Americell (*cf. Glenn v Hoteltron Sys.*, 74 NY2d 386, 392 [1989]). Thus, we conclude that he has standing to assert this individual claim.

The same cannot be said, however, for plaintiff's second cause of action, which alleges that revenues from the Pennsylvania cellular network were diverted to GAIA Corporation and away from the partners in PA-3, including Americell. Such a diversion of corporate funds is an injury to the corporation that must be vindicated through a derivative suit (*see Abrams v Donati*, 66 NY2d at 953; *Albany-Plattsburgh United Corp. v Bell*, 307 AD2d at 419-420). Inasmuch as this claim is essentially corporate in nature, his second cause of action must be dismissed.

Turning to the third and fourth causes of action, plaintiff alleges that Rigas fraudulently conveyed to Zito the Americell shares purchased from plaintiff with the intent of subordinating plaintiff's security interest in the shares and rendering Rigas insolvent. Plaintiff seeks to compel the delivery of stock certificates in an amount equal to his former interest in Americell, or an equivalent amount. These claims were properly dismissed under the merger doctrine. Pursuant to settled principles of res judicata, "[w]here a judgment is in favor of the plaintiff the claim underlying the action is *merged* in the judgment and cannot thereafter be used as a basis for an independent action" (*Brown v Lockwood*, 76 AD2d 721, 735 [1980]; *see Hellstern v Hellstern*, 279 NY 327, 333 [1938]). Because the promissory note merged into the prior judgment (*Craven v Rigas*, 71 AD3d 1220 [2010], *supra*; *see Corless v Leonardo*, 298 AD2d 693, 695

[2002]; *see also Heimbinder v Berkovitz*, 263 AD2d 466, 467 [1999], *lv denied* 94 NY2d 755 [1999]), plaintiff is precluded from enforcing his rights under the note through this action, as he admittedly seeks to do in the third cause of action. To the extent that he seeks to enforce the prior judgment, plaintiff's recourse is an action on the judgment pursuant to CPLR 5014 (*see Brown v Lockwood*, 76 AD2d at 735).

Finally, because the only surviving claim involves Rigas's fraudulent undervaluing of plaintiff's interest in Americell, the fifth cause of action for an accounting lies only against Americell, inasmuch as plaintiff has failed to allege a fiduciary relationship between himself and any other party (*see Bradkin v Leverton*, 26 NY2d 192, 199 n 4 [1970]; *Gersten-Hillman Agency, Inc. v Heyman*, 68 AD3d 1284, 1286 [2009]; *Village of Hoosick Falls v Allard*, 249 AD2d 876, 879 [1998], *lv denied* 92 NY2d 807 [1998]). The parties' remaining contentions have been considered and found to be without merit.

Peters, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) denied the motions to dismiss the second cause of action and (2) granted the motions to dismiss the fifth cause of action against defendant Americell Inc.; second cause of action dismissed as to all defendants and fifth cause of action dismissed as to all defendants except defendant Americell Inc.; and, as so modified, affirmed.