# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1068**
**CA 12-00528**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

ROSALYN JOBSON AND W. CHARLES JOBSON,
PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

MICHAEL PROGNO, DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.

---

HARRIS BEACH PLLC, PITTSFORD (TERESA BAIR OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

MICHAEL PROGNO, DEFENDANT-RESPONDENT PRO SE.

---

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered May 11, 2011. The order granted the motion of defendant Michael Progno to dismiss the amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs appeal from an order granting the motion of Michael Progno (defendant) to dismiss the amended complaint. Initially, we note that plaintiffs address only claims made by Rosalyn Jobson (plaintiff), and thus they are deemed to have abandoned any contention that Supreme Court erred in granting defendant's motion with respect to claims made by plaintiff W. Charles Jobson (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 984). With respect to plaintiff's claims, it is well settled that an individual shareholder may not maintain an action for a wrong done to the corporation (*see Citibank v Plapinger*, 66 NY2d 90, 93 n, *rearg denied* 67 NY2d 647), unless the shareholder alleges that the tortfeasor has breached a duty owed to the shareholder independent of any duty owed to the corporation (*see e.g. Behrens v Metropolitan Opera Assn., Inc.*, 18 AD3d 47, 51). It is equally well settled that "allegations of mismanagement or diversion of assets by officers or directors to their own enrichment, without more, plead a wrong to the corporation only, for which a shareholder may sue derivatively but not individually . . . A complaint the allegations of which confuse a shareholder's derivative and individual rights will, therefore, be dismissed" (*Abrams v Donati*, 66 NY2d 951, 953, *rearg denied* 67 NY2d 758). Consequently, we conclude that the court properly granted defendant's motion with respect to plaintiff because "none of the [claims asserted by her] arise from an independent duty owed to [her] individually, unrelated to [her] status as a shareholder" (*Albany-Plattsburgh United*

*Corp. v Bell*, 307 AD2d 416, 420, *lv dismissed in part and denied in part* 1 NY3d 620; *cf. Craven v Rigas*, 85 AD3d 1524, 1527, *lv dismissed* 17 NY3d 932).

Entered:  November 9, 2012                              Frances E. Cafarell
                                                        Clerk of the Court