■ RANDOLPH J. SCOTT, Respondent, v PRO MANAGEMENT SERVICES GROUP, LLC, et al., Defendants, and REMI LABA et al., Appellants. [2 NYS3d 90]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered September 25, 2013, which, to the extent appealed from, denied so much of defendants-appellants' motions as sought to dismiss plaintiff's cause of action for unjust enrichment as against them, unanimously affirmed, with costs.

Plaintiff's unjust enrichment claim is direct, and not derivative, because plaintiff suffered the alleged harm individually, and he would receive the benefit of any recovery (see Gjuraj v Uplift El. Corp., 110 AD3d 540, 540 [1st Dept 2013]; see also Yudell v Gilbert, 99 AD3d 108, 114 [1st Dept 2012]). Indeed, the amended complaint alleges that plaintiff is an 11.1% owner of the defendant holding companies and of the companies' trademarks, and that all other owners of the holding companies received revenues, licensing fees, royalties and other consideration for using the companies' trademarks, to plaintiff's exclusion. As plaintiff's claim is direct and not derivative, plaintiff was not required to satisfy the pleading requirements set forth in Business Corporation Law § 626 (c) (cf. Yudell, 99 AD3d at 115; see also Marx v Akers, 88 NY2d 189, 193-194 [1996]). Further, plaintiff's allegations that defendants were enriched by their receipt of revenues and other consideration at his expense, and that it is against equity and good conscience to permit them to retain such consideration without adequately compensating him, are sufficient to state a claim for unjust enrichment (see Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Feinman, Clark and Kapnick, JJ.