■ MPEG LA, L.L.C., Respondent, v GXI INTERNATIONAL, LLC, Appellant, et al., Defendants. MPEG LA, L.L.C., Appellant, v GXI INTERNATIONAL, LLC, Defendant, and GXI OUTDOOR POWER, LLC, et al., Respondents. [7 NYS3d 63]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered June 13, 2013, which, inter alia, granted plaintiff's motion to dismiss defendants' counterclaims, unanimously affirmed, with costs. Amended order, same court and Justice, entered October 18, 2013, which granted defendants GXI Outdoor Power, LLC, GXI Parts & Service, LLC, Access HD, LLC, and Gordon Jackson's motion to dismiss the complaint as against them, unanimously reversed, on the law, without costs, and the motion denied. Appeal from order, same

court and Justice, entered September 24, 2013, unanimously dismissed, without costs, as superseded by the appeal from the amended order.

Defendants' counterclaims, which allege violations of antitrust law, are conclusory and fail to adequately allege a harm to competition attributable to the alleged conspiracy, in view of defendants' own allegations as to external forces affecting the market (*see Global Reins. Corp.-U.S. Branch v Equitas Ltd.*, 18 NY3d 722, 732 [2012]; *Continental Guest Servs. Corp. v International Bus Servs., Inc.*, 92 AD3d 570, 574-575 [1st Dept 2012]). In any event, the counterclaims are time-barred.

Plaintiff's factual allegations in support of piercing the corporate veil against defendants GXI Outdoor Power, LLC, GXI Parts & Service, LLC, Access HD, LLC, and Gordon Jackson to hold them liable for outstanding royalties under plaintiff's licensing agreement with GXI International, LLC (GXI) are sufficient to survive the motion to dismiss (*see Shisgal v Brown*, 21 AD3d 845, 848 [1st Dept 2005]; *see also* CPLR 3013). The assertion that Jackson exercised complete control over GXI and the affiliated entities is supported by allegations and evidence of overlap in the ownership, officers, directors, and personnel of those entities: Jackson and his wife were the sole members and managers of each entity, and Jackson was the president; common office space, addresses, and phone number; disregard of corporate formalities and lack of independent business discretion: the trademark in the television converter boxes was assigned from GXI to GXI Outdoor Power, and converter boxes were cross-sold, cross-warranted and cross-serviced; and inadequate capitalization of GXI: Jackson failed to reserve funds from the sale revenues to pay plaintiff's accumulating royalty bills. Plaintiff further alleges that defendants abused the corporate forms to harm it by purporting to "wind down" GXI without paying a large amount of the royalties incurred in selling converter boxes, and then offering converter boxes for sale from GXI Outdoor Power. Concur—Tom, J.P., Andrias, Saxe, Manzanet-Daniels and Kapnick, JJ.