■ Yousef Yahudaii, Appellant-Respondent, v Nourallah Baroukhian et al., Respondents-Appellants, et al., Defendants. [27 NYS3d 141]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered April 5, 2012, which, following a nonjury trial, dismissed the complaint without prejudice, and dismissed defendants Nourallah Baroukhian and Nourallah Baroukhian doing business as East 115th Associates' counterclaims with prejudice, unanimously affirmed, with costs.

The trial court's well-reasoned determination that plaintiff provided $275,000 at a closing on December 1, 1997 is based on its reasonable assessment of the witnesses' credibility and a fair interpretation of the evidence (*see Matter of Metropolitan Transp. Auth.*, 86 AD3d 314, 320 [1st Dept 2011]). The record also supports the court's finding that the mortgage and note were validly assigned by nonparty Joanne Sims to nonparty True Gate Holding Ltd.

Although consideration was not required to effectuate the assignment by True Gate to plaintiff, since the assignment is in writing and signed by the assignor (*see* General Obligations Law § 5-1107), nevertheless the assignment is invalid, because it was not permitted under the True Gate agreement. Therefore, plaintiff lacks standing to enforce True Gate's foreclosure rights in his individual capacity (*see Scott v Pro Mgt. Servs. Group, LLC*, 124 AD3d 454 [1st Dept 2015]).

The judgment of foreclosure is a nullity, since, unbeknownst to the court, the parties had discontinued the action before the judgment was entered. Therefore, the judgment did not bar any subsequent assignments of the mortgage and note as a matter of law.

There is no support in the record for the counterclaims. We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Sweeny, J.P., Richter, Manzanet-Daniels and Gische, JJ.