*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 5, 2017                 522231
_____

ACCREDITED AIDES PLUS, INC.,
    et al.,
                        Respondents-
                        Appellants,

        v

PROGRAM RISK MANAGEMENT, INC.,            OPINION AND ORDER
    et al.,
                        Appellants-
                        Respondents,

        and

PHYLLIS WANG et al.,
                        Respondents,
                        et al.,
                        Defendants.
_____


Calendar Date:  October 13, 2016

Before:  Garry, J.P., Egan Jr., Rose and Mulvey, JJ.

                        _____


        Miranda Sambursky Slone Sklarin Verveniotis LLP, Mineola
(Maurizio Savoiardo of counsel), for Program Risk Management,
Inc. and others, appellants-respondents.

        Denlea & Carton LLP, White Plains (Peter N. Freiberg of
counsel), for Albert Johansmeyer and another, appellants-
respondents.

        Phillips Lytle LLP, Buffalo (Craig R. Bucki of counsel),
for Todd Brason and others, appellants-respondents.

        Corrigan, McCoy & Bush, PLLC, Rensselaer (Scott W. Bush of
counsel), for Joel Hodes, appellant-respondent.

Barclay Damon, LLP, Albany (David M. Cost of counsel), for Accredited Aides Plus, Inc. and others, respondents-appellants.

Hinman Straub PC, Albany (Joseph M. Dougherty of counsel), for New York State Workers' Compensation Board, respondent-appellant.

Dreyer Boyajian LLP, Albany (John J. Dowd of counsel), for Phyllis Wang, respondent.

David R. Sheridan, Delmar, for Robert Callaghan and others, respondents.

Cooper Erving & Savage LLP, Albany (Michael A. Kornstein of counsel), for Nelson Carpentar and another, respondents.

_____

Garry, J.P.

Cross appeal from an order of the Supreme Court (McNamara, J.), entered March 2, 2015 in Albany County, which, among other things, partially granted certain defendants' motions to dismiss the complaint.

The Health Care Providers Self Insurance Trust, a group self-insured trust, was formed in 1992 to provide mandated workers' compensation coverage to employees of trust members (see Workers' Compensation Law § 50 [3-a]; 12 NYCRR 317.2 [i]; 317.3). The trust contracted with defendant Program Risk Management, Inc. (hereinafter PRM) to serve as its program administrator and defendant PRM Claim Services, Inc. (hereinafter PRMCS) to serve as its claims administrator (see 12 NYCRR 317.2 [d]). Defendants Thomas B. Arney, Carolyn Arney, Colleen Bardascini, John Conroy, Gail Farrell and Edward Sorenson (hereinafter collectively referred to as the PRM individual defendants) served in various capacities at PRM. Defendants Todd Brason, Thomas Buckley, Kenrick Cort, Gwen Eichorn, Carmen Flitt, John Fraher, Sandy Katz, Robert Kolb, Timothy McGorry, Phyllis Raymond, Robin

Richards, Gregory Schaefer, Jordan Shames, David Slifkin, Suzanne Smith and Richard Swanson (hereinafter collectively referred to as the Phillips Lytle trustee defendants), as well as defendants Robert Callaghan, Nelson Carpentar, Laura Donaldson, Ronald Field, Albert Johansmeyer, James Mahoney, Michael Reda and Joel Hodes,[1] each served as trustees during various periods of the trust's existence.

In 2009, plaintiff New York State Workers' Compensation Board (hereinafter the Board) assumed the administration of the trust after determining that it was insolvent (see 12 NYCRR 317.20). A subsequent forensic analysis allegedly revealed that the trust had an accumulated deficit of over $188 million. Thereafter, the Board assessed employer members for certain trust deficiencies — including plaintiffs Accredited Aides Plus, Inc., Attentive Care, Inc., Caring Enterprises, Inc., Community Care of Western New York, Inc. and Heart to Heart Home Care, LLC (hereinafter collectively referred to as the health care provider plaintiffs) — as well as certain other employer members of the trust (hereinafter collectively referred to as the assignor plaintiffs). The health care provider plaintiffs entered into a monthly payment agreement with the Board in exchange for a temporary standstill of demands for the full deficit amount.

In June 2011, the health care provider plaintiffs and the assignor plaintiffs commenced this action, as amended in 2012 and 2013, alleging 35 causes of action sounding in, among other things, breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty, fraud, fraud in the inducement, conversion, unjust enrichment, negligent misrepresentation, violations of General Business Law §§ 349 and 350, negligence, gross negligence, alter ego liability, an accounting and indemnification. In 2012, the health care provider plaintiffs, the assignor plaintiffs and the Board entered into a joint stipulation recognizing that the Board, as a successor in interest of the trust and in its governmental capacity, had commenced a separate action against many of the

---

[1]   Hodes was a trustee and also served as legal counsel to the trust.

same defendants, arising out of common questions of fact and law and raising similar claims (State of N.Y. Workers' Compensation Bd. v Wang, ___ AD3d ___ [decided herewith]). The parties stipulated that discovery and trial would be conducted jointly in the two actions. They further agreed, as pertinent here, that the Board would have sole standing to pursue claims on behalf of the trust in its action, while the causes of action in the instant action would be limited to "only non-derivative or non-associational direct or third-party beneficiary claims." Thereafter, the health care provider plaintiffs continued to pursue their claims in the instant action, while the assignor plaintiffs entered into settlement agreements and transferred their interests to the Board, which was later substituted as a plaintiff in the instant action as a successor in interest to the assignor plaintiffs (see CPLR 1018).

PRM, PRMCS and the PRM individual defendants (hereinafter collectively referred to as the PRM defendants) moved to dismiss the complaint on various grounds. Certain trustee defendants likewise filed motions to dismiss the complaint, and Hodes moved for dismissal both in his capacity as a trustee and as counsel.[2] The health care provider plaintiffs and the assignor plaintiffs opposed defendants' motions to dismiss and cross-moved for leave to amend the complaint to include a breach of contract claim against the trustee defendants.

Supreme Court partially granted the motions, dismissing causes of action asserted against the trustee defendants for breach of fiduciary duty, conversion, unjust enrichment, negligence and gross negligence, but refusing to dismiss a common-law indemnification claim against them. With respect to

[2] The Philips Lytle trustee defendants moved collectively for dismissal, as did Callaghan, Donaldson and Field. Johansmeyer and Reda moved separately for dismissal, but filed a joint notice of appeal and appellate brief. Claims against Hodes, in his capacity as trustee, are treated together with claims against the other trustee defendants, but claims against Hodes, in his capacity as counsel to the trust, are discussed individually.

the causes of action for breach of contract, breach of the duty of good faith and fair dealing, an accounting, contractual indemnification, breach of fiduciary duty, fraud, fraud in the inducement, conversion, unjust enrichment and gross negligence, the court dismissed said claims against those specific defendants named in each, i.e., PRM, PRMCS, the PRM individual defendants and/or Hodes in his capacity as counsel. Additionally, the court dismissed all of the remaining claims against Hodes in his capacity as counsel. Plaintiffs' causes of action for negligent misrepresentation, violations of General Business Law §§ 349 and 350 and negligence against various defendants were dismissed, but the court declined to dismiss their claim of alter ego liability against the PRM defendants. The court dismissed plaintiffs' cause of action for common-law indemnification against PRMCS, but permitted the claim to proceed against the trustee defendants, PRM and the PRM individual defendants. Finally, the court permitted plaintiffs to amend the complaint to add a breach of contract claim against the trustee defendants to the extent that the claims accrued within six years of the action's commencement. Johansmeyer and Reda, collectively, the PRM defendants and the Phillips Lytle trustee defendants now appeal, and the health care provider plaintiffs and the Board cross-appeal.

As an initial matter, we find it necessary to distinguish this case from the Board's companion action, State of N.Y. Workers' Compensation Bd. v Wang (supra), which is the subject of the stipulation described above. In Wang, the Board proceeds as a successor in interest to the trust and, therefore, has standing to maintain any claims that the trust could have asserted (see id. at slip op p 6; State of N.Y. Workers' Compensation Bd. v Madden, 119 AD3d 1022, 1024 [2014]). In the current action, by contrast, the Board proceeds as successor in interest to the assignor plaintiffs and may assert claims to the extent that these plaintiffs had standing to raise them (see generally CPLR 1018). The stipulation's provision that the instant action will be limited to direct claims and those claims arising from employer members' status as third-party beneficiaries reflects this distinction.

Turning first to the issue of status, Supreme Court determined that employer members were not intended to be the

third-party beneficiaries of the trust's agreements with PRM and PRMCS and thus dismissed plaintiffs' claims of breach of contract, breach of the duty of good faith and fair dealing and contractual indemnification as derivative. Noting our obligation at this stage of the litigation to "afford the complaint a liberal construction, accept the facts as alleged in the pleading as true, confer on the [nonmoving party] the benefit of every possible inference and determine whether the facts as alleged fit within any cognizable legal theory" (Torok v Moore's Flatwork & Founds., LLC, 106 AD3d 1421, 1421 [2013] [internal quotation marks and citation omitted]), we reach a different conclusion.

This Court recently held that an employer member of a group self-insured trust successfully alleges third-party beneficiary status by asserting "(1) the existence of a valid and binding contract between [the trust and its administrators], (2) that the contract was intended for [the employer member's] benefit, and (3) that the benefit to [the employer member] is sufficiently immediate to indicate the assumption by [the trust and its administrators] of a duty to compensate it if the benefit is lost" (NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc., 141 AD3d 792, 797 [2016]; see NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 141 AD3d 785, 790 [2016]). Plaintiffs' cause of action for breach of contract against PRM is premised upon the theory that, in view of the trust's purpose to provide employer members with affordable workers' compensation coverage, such employer members were necessarily intended to benefit from the trust's agreements with administrators, and that PRM deprived plaintiffs of this benefit when it allegedly breached its contractual duties. The cause of action for breach of contract against PRM specifically alleges that employer members were the express and intended beneficiaries of PRM's agreements with the trust. Further, the agreements between PRM and the trust expressly provide that PRM was obligated to indemnify the trust and its members for loss sustained due to, among other things, "any and all claims, losses [and] liabilities . . . arising out of" acts or omissions by PRM (see NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 141 AD3d at 790-791; see also Board of Educ. of Northport-E. Northport Union Free Sch. Dist. v Long Is. Power Auth., 130 AD3d 953, 955 [2015]).

The cause of action against PRMCS for breach of contract makes comparable assertions, and the claims services agreements provide that PRMCS was obligated to indemnify the trust for loss sustained due to, among other things, "any claims . . . arising out of the acts or omissions of [PRMCS] . . . in connection with or relating to this [a]greement and the duties and responsibilities of [PRMCS]."  Given the liberal construction that must be afforded to the pleadings at this juncture (see CPLR 3026), we find that these causes of action successfully allege plaintiffs' status as intended rather than incidental third-party beneficiaries (see NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc., 141 AD3d at 797; NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 141 AD3d at 790; Board of Educ. of Northport-E. Northport Union Free Sch. Dist. v Long Is. Power Auth., 130 AD3d at 954-956).  Although plaintiffs adequately pleaded the elements necessary for breach of contract claims as alleged against PRM and PRMCS (see Hyman v Schwartz, 127 AD3d 1281, 1283 [2015]; New York State Workers' Compensation Bd. v SGRisk, LLC, 116 AD3d 1148, 1153 [2014]), we limit the claims to those that accrued within the six-year limitations period before this action was commenced (see CPLR 213 [2]; Kosowsky v Willard Mtn., Inc., 90 AD3d 1127, 1131 [2011]; see also New York State Workers' Compensation Bd. v SGRisk, LLC, 116 AD3d at 1153).

For the same reasons, and liberally construing the facial sufficiency of the complaint (see 12 Baker Hill Rd., Inc. v Miranti, 130 AD3d 1425, 1426 [2015]), we find that plaintiffs adequately alleged their standing as third-party beneficiaries to assert a claim for breach of the duty of good faith and fair dealing against PRM and PRMCS by asserting that they committed various acts that had "the effect of destroying or injuring the right of [plaintiffs, as third party beneficiaries,] to receive the fruits of the contract[s]" (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153 [2002] [internal quotation marks and citations omitted]).  Accordingly, Supreme Court should have permitted this cause of action to proceed subject to the six-year statute of limitations (see CPLR 213 [2]; Liberman v Worden, 268 AD2d 337, 339 [2000]).  Likewise, as plaintiffs adequately alleged that PRM and PRMCS owed direct contractual duties to plaintiffs as third-party beneficiaries, we reverse the

dismissal of their contractual indemnification cause of action (see generally Duffina v County of Essex, 111 AD3d 1035, 1039-1040 [2013]).

With regard to plaintiffs' motion to amend the complaint, we find that they stated a breach of contract claim against the trustee defendants as third-party beneficiaries of the trust agreements and bylaws (see Murray Bresky Consultants, Ltd v New York Compensation Manager's Inc., 106 AD3d 1255, 1261 [2013]). Plaintiffs alleged in their third amended complaint that they were the "express and intended beneficiaries" of the trust's agreements and bylaws that required the trustee defendants to perform certain duties for plaintiffs' benefit, and that, when the trustee defendants breached these obligations, plaintiffs were consequentially injured by unpaid employee claims and other damages. The pertinent agreements outline the trustees' powers, duties to supervise and operate the trust, and obligations to conduct the trust's activities in accordance with the agreements and applicable statutes and regulations. As such, Supreme Court did not abuse its discretion in granting plaintiffs' motion to add those timely portions of the proposed breach of contract claim (see generally CPLR 3025 [b]; Edwards & Zuck, P.C. v Cappelli Enters., Inc., 124 AD3d 181, 183 [2014]; Albany-Plattsburgh United Corp. v Bell, 307 AD2d 416, 420 [2003], lv dismissed and lv denied 1 NY3d 620 [2004]).

Turning now to plaintiffs' noncontractual claims, Supreme Court dismissed many of these causes of action upon determining that they belonged in the first instance to the trust rather than to the employer members and were thus derivative rather than direct. The distinction between derivative and direct claims is grounded upon the principle that a stockholder does not have an individual cause of action that derives from harm done to the corporation, but may bring a direct claim when "the wrongdoer has breached a duty owed directly to the shareholder which is independent of any duty owing to the corporation" (Serino v Lipper, 123 AD3d 34, 39 [2014]; see Lawrence Ins. Group v KPMG Peat Marwick, 5 AD3d 918, 919 [2004]). In determining whether a claim is direct or derivative, a court must "look to the nature of the wrong and to whom the relief should go" and should consider "(1) who suffered the alleged harm (the corporation or

the suing stockholders, individually); and (2) who would receive
the benefit of any recovery or other remedy (the corporation or
the stockholders, individually)" (Yudell v Gilbert, 99 AD3d 108,
114 [2012] [internal quotation marks and citations omitted]; see
Maldonado v DiBre, 140 AD3d 1501, 1503-1504 [2016], lv denied ___
NY3d ___ [Nov. 21, 2016]).

        The analysis applicable to derivative actions against
corporations has been held to apply to trusts (see Velez v
Feinstein, 87 AD2d 309, 314-315 [1982], lvs dismissed and denied
57 NY2d 605, 737 [1982]). Plaintiffs nevertheless contend that
Supreme Court erred in applying it here, as, unlike corporate
stockholders or trust beneficiaries, the employer members of a
group self-insured trust are not shielded from liabilities, but
are instead legally subject to joint and several liability for
the trust's deficits (see Workers' Compensation Law § 50 [3-a]
[3]). However, this does not require us to set aside the legal
distinction here between derivative and direct claims. First, as
discussed, plaintiffs have stipulated that – in view of the
Board's parallel action – the instant action will be confined
solely to direct claims. Notably, plaintiffs do not argue that
their prior agreement to abide by this distinction was coerced,
involuntary or otherwise invalid, or that the Board is not
abiding by its side of the agreement. Moreover, just as the
trust's deficits are eventually passed through to employer
members as assessments by the Board, any recovery by the Board
upon its claims on behalf of the trust will benefit the employer
members by reducing the trust's deficit and the employer members'
corresponding liabilities. Thus, the stipulated allocation of
direct and derivative claims between the parties does not
ultimately deprive plaintiffs of relief by claims that are deemed
to be derivative. Moreover, plaintiffs cannot satisfy the legal
requirements applicable to derivative claims as, given the
Board's action in Wang, they cannot prove – and do not allege –
the existence of demand futility, which "relieves courts of
unduly intruding into matters of corporate governance by first
allowing the directors themselves to address the alleged abuses"
(Bansbach v Zinn, 1 NY3d 1, 9 [2003]; see Yudell v Gilbert, 99
AD3d at 114-115). Accordingly, we turn to consideration of the
direct or derivative nature of the remaining causes of action.

Beginning with the claims asserted against the trustee defendants, we agree with Supreme Court that the causes of action for conversion, unjust enrichment, breach of fiduciary duty, negligence and gross negligence are derivative. These claims are limited to allegations of harm caused to the trust by alleged mismanagement of the trust's affairs, and do not include claims that the trustee defendants breached any duties owed to the employer members independently of those owed to the trust (see Abrams v Donati, 66 NY2d 951, 953 [1985]; Maldonado v DiBre, 140 AD3d at 1504-1505; Serino v Lipper, 123 AD3d at 39-40; Jobson v Progno, 100 AD3d 1407, 1407-1408 [2012]). We further agree with Supreme Court's refusal to dismiss the cause of action against the trustee defendants for common-law indemnification, which arises "where a plaintiff has discharged a duty which is duly owed, but which, as between the plaintiff and another, in fairness should have been discharged by the other" (State of N.Y. Workers' Compensation Bd. v Madden, 119 AD3d at 1023). The cause of action alleges a direct rather than derivative injury in that the claimed harm was suffered by plaintiffs, and they will receive the benefit of any recovery (see Maldonado v DiBre, 140 AD3d at 1503-1504). The court correctly determined that "plaintiff[s] ha[ve] a cause of action against the trustee defendants, given their common duty to plaintiff[s'] covered employees and to the [Board] to maintain adequate reserves in the trust so that it was adequately funded and its assets would cover its liabilities" (Murray Bresky Consultants, Ltd v New York Compensation Manager's Inc., 106 AD3d at 1258-1259; see 12 NYCRR 317.9 [b] [7]; New York State Workers' Compensation Bd. v Marsh U.S.A., Inc., 126 AD3d 1085, 1087 n 5 [2015]; State of N.Y. Workers' Compensation Bd. v Madden, 119 AD3d at 1025).

As for the noncontractual claims pertaining to the PRM defendants, we agree with Supreme Court, for the reasons previously discussed in connection with the trustee defendants, that the causes of action for conversion, breach of fiduciary duty and unjust enrichment are derivative. Likewise, the cause of action for an accounting against PRM and PRMCS is limited to allegations related to trust assets and harm allegedly done to the trust, and the claims of negligence and gross negligence against the PRM defendants seek to redress harm done to the trust. As pleaded, all of these claims were properly dismissed.

We agree with Supreme Court that plaintiffs' claims against the PRM defendants under General Business Law §§ 349 and 350 are direct rather than derivative. Plaintiffs' claims that the PRM defendants unlawfully disseminated materially misleading information about the trust to employers seeking workers' compensation coverage, and that plaintiffs relied upon this information in joining the trust, are addressed to plaintiffs' rights as individual entities and are premised on duties independent of those owed to the trust (see Maldonado v DiBre, 140 AD3d at 1503-1504). We nevertheless disagree with the court's dismissal of this claim, which was based upon its determination that plaintiffs failed to allege more than a private contractual dispute. We find that plaintiffs adequately met the threshold requirement of alleging that the PRM defendants' "actions and practices were directed at or had a broader impact on consumers at large" (Argyle Farm & Props., LLC v Watershed Agric. Council of the N.Y. City Watersheds, Inc., 135 AD3d 1262, 1266 [2016] [internal quotation marks and citation omitted]; see Elacqua v Physicians' Reciprocal Insurers, 52 AD3d 886, 888 [2008]). Specifically, plaintiffs alleged that the PRM defendants "made materially misleading statements" through advertisements, marketing materials and its website that were "released to the general public," "target[ed] employers seeking workers' compensation coverage" and "[were] likely to mislead reasonable employers." Plaintiffs further alleged that this deceptive behavior harmed plaintiffs and other trust members and that "their actions have jeopardized the workers' compensation benefits of New York employers and their employees." The conduct of business organizations may be found to be consumer-oriented where it is alleged that consumers at large may potentially be affected (see State of N.Y. Workers' Compensation Bd. v 26-28 Maple Ave., Inc., 80 AD3d 1135, 1136 [2011]). Liberally construed, this cause of action should not have been dismissed at this juncture, to the extent that the claims accrued within the three-year statute of limitations (see CPLR 214 [2]; 84 Lbr. Co., L.P. v Barringer, 110 AD3d 1224, 1226-1227 [2013]; see also Benetech, Inc. v Omni Fin. Group, Inc., 116 AD3d 1190, 1191 [2014], lv denied 23 NY3d 909 [2014]).

We disagree with Supreme Court as to plaintiffs' claims for fraud and fraud in the inducement against the PRM defendants and

for negligent misrepresentation against PRM and the PRM individual defendants, finding that these causes of action allege direct rather than derivative harm and that the direct claims are not so "confused or embedded within the derivative claim[s]" as to require dismissal (Maldonado v DiBre, 140 AD3d at 1504 [internal quotation marks and citation omitted]).  The causes of action are premised upon the theory that the PRM defendants misrepresented material facts pertaining to, among other things, the trust's solvency in order to induce plaintiffs to join the trust and continue their membership.  Allegations of harm caused to the trust by the PRM defendants' alleged mismanagement are necessarily included in order to explain the nature of the alleged misrepresentations made to plaintiffs and the harm allegedly caused thereby.  However, the claims, read as a whole, are directed at the harm that these misrepresentations allegedly caused to plaintiffs, independently of the separate harm caused to the trust, and "the thrust of [each cause of] action is to vindicate [plaintiffs'] personal rights" rather than to obtain redress on behalf of the trust (id.).  Thus, liberally construed, the claims are neither "wholly derivative" nor so confused or inextricably entangled with derivative claims as to require dismissal (Health Acquisition Corp. v Program Risk Mgt., Inc., 105 AD3d 1001, 1005 [2013]; see Serino v Lipper, 123 AD3d at 41).

Further, for purposes of CPLR 3211 (a) (7), the fraud causes of action sufficiently alleged duties to plaintiffs independent from the alleged failure of the PRM defendants to perform the terms of their contracts with the trust. Specifically, plaintiffs alleged, among other things, that, in order to influence their decision to join and induce their continued participation in the trust, the PRM defendants "misrepresented and omitted material facts known to be false that were related to the trust's financial solvency, the risk of membership in the trust and [the PRM defendants'] capacity – all of which [plaintiffs] relied upon to [their] financial detriment" (NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc., 141 AD3d at 798; see TIAA Global Invs., LLC v One Astoria Sq. LLC, 127 AD3d 75, 87 [2015]; Gizzi v Hall, 300 AD2d 879, 880 [2002]).  Additionally, we find that, liberally construed, the complaint adequately alleges "the required element[] of near-privity" to support the cause of action for negligent

misrepresentation (Health Acquisition Corp. v Program Risk Mgt., Inc., 105 AD3d at 1004 [internal quotation marks omitted]; see Greenberg, Trager & Herbst, LLP v HSBC Bank USA, 17 NY3d 565, 578 [2011]). Accordingly, Supreme Court should not have dismissed these causes of action. Consistent with our decision in State of N.Y. Workers' Compensation Bd. v Wang (supra), we reinstate them to the extent that they accrued within six years of the commencement of this action (id. at slip op pp 12-13).

Based upon our other determinations herein, the cause of action requesting a declaratory judgment of alter ego liability against the PRM defendants should no longer be limited to the causes of action for common-law indemnification and claims under General Business Law §§ 349 and 350. Plaintiffs sufficiently alleged in a nonconclusory manner that "common ownership" of PRM and PRMCS "created a conflict of interest" and that the PRM defendants "colluded to maximize their return at the expense of [plaintiffs]" (see 2406-12 Amsterdam Assoc. LLC v Alianza LLC, 136 AD3d 512, 512-513 [2016]; MPEG LA, L.L.C. v GXI Intl., LLC, 126 AD3d 641, 642 [2015]). Therefore, consistent with this Court's decision, plaintiffs' claim for alter ego liability should be expanded to encompass the additional surviving claims asserted against the PRM defendants.

Plaintiffs also challenge the dismissal of their cause of action for common-law indemnification against PRMCS, and the PRM defendants counter that Supreme Court should also have dismissed the claims against PRM and the PRM individual defendants because they allegedly did not have a statutory or contractual obligation to maintain the solvency of the trust. Liberally construed and granting plaintiffs the benefit of every favorable inference, the complaint sufficiently alleges that plaintiffs, by virtue of the indemnification clauses of the trust agreements and the Workers' Compensation Law and its enabling regulations (see Workers' Compensation Law § 50 [a]; 12 NYCRR 317.9 [b] [7]), and PRM and PRMCS, by virtue of their agreements with the trust, owed a common duty to ensure that the trust maintained adequate reserves to cover employee claims (compare HANYS Servs. v Empire Blue Cross & Blue Shield, 292 AD2d 61, 65-66 [2002], lv denied 98 NY2d 612 [2002]). Therefore, while Supreme Court properly denied the motions for dismissal with regard to PRM, it should not have

dismissed the same claim against PRMCS.  Moreover, in light of our finding that plaintiffs sufficiently alleged a cause of action for alter ego liability, Supreme Court properly allowed the claim for common-law indemnification as alleged against the PRM individual defendants to proceed.

Turning finally to the claims asserted against Hodes in his capacity as counsel to the trust, the claims of breach of fiduciary duty, conversion and unjust enrichment are derivative in that they allege no breach of any duty owed by Hodes to plaintiffs independently of the duties he owed to the trust.  For the same reason, the causes of action against Hodes for professional negligence and gross negligence are derivative. Further, given our previous conclusion that the claim that the trustee defendants breached a fiduciary duty is derivative, the related cause of action alleging that Hodes knowingly aided and abetted this breach by the trustee defendants is also derivative and must fail (see generally Torrance Constr., Inc. v Jaques, 127 AD3d 1261, 1264 [2015]; Kaufman v Cohen, 307 AD2d 113, 125 [2003]).

The cause of action for common-law indemnification against Hodes as counsel was properly dismissed because plaintiffs failed to allege that Hodes violated a shared duty to ensure the trust's solvency; instead, the complaint alleged that Hodes owed and breached duties to the trust to provide various professional legal services (see State of N.Y. Workers' Compensation Bd. v Madden, 119 AD3d at 1024; see also Lovino, Inc. v Lavallee Law Offs., 96 AD3d 909, 909-910 [2012]; Jakobleff v Cerrato, Sweeney & Cohn, 97 AD2d 786, 786 [1983]).  Further, the causes of action against Hodes for fraud, fraud in the inducement and negligent misrepresentation, unlike the similar claims against the PRM defendants, impermissibly intermingle derivative claims that allege harm to the trust's management and financial condition. These claims against Hodes are almost wholly addressed to harm caused to the trust by Hodes' alleged improper selection of trustees, knowledge of improper use of member premiums, failure to monitor the trust's affairs and other alleged acts and omissions.  While a direct allegation is included that Hodes induced plaintiffs to join the trust by, among other things, providing false and misleading information about the trust's

resulting financial condition, this claim is "inextricably embedded in the derivative claim[s]" against the trust (Serino v Lipper, 123 AD3d at 41; compare Craven v Rigas, 85 AD3d 1524, 1527 [2011], appeal dismissed 17 NY3d 932 [2011]).[3]  Accordingly, these claims were properly dismissed.

The parties' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Egan Jr., Rose and Mulvey, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as (1) granted a motion by defendants Program Risk Management, Inc., PRM Claims Services, Inc., Thomas B. Arney, Carolyn Arney, Colleen Bardascini, John Conroy, Gail Farrell and Edward Sorenson to dismiss (a) the first, second, fifth, tenth, fifteenth, seventeenth and thirty-fourth causes of action against them, and (b) the thirty-fifth cause of action against defendant PRM Claims Services, Inc., and (2) limited the twenty-eighth cause of action to claims for common-law indemnification and General Business Law §§ 349 and 350; motion denied to said extent, reinstate the twenty-eighth cause of action in its entirety, and plaintiffs' causes of action

---

[3]  We further note that the negligent misrepresentation cause of action was subject to dismissal in any event.  Even liberally construed, it was not supported by the requisite allegation of "actual privity or a relationship that otherwise closely resembles privity" (AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 595 [2005]).

are correspondingly limited to the extent set forth in this
Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court